Kyung L. Trotter
Plaintiff Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 03 2026   ☆

LONG ISLAND OFFICE

RECEIVED
JUN 03 2026
PRO SE OFFICE

June 2, 2026

The Honorable Judge Sanket J. Bulsara
United States District Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Courtroom 930
Central Islip, NY 11722

**Re: Kyung L. Trotter v. Community Development Corporation of Long Island, Inc.,** *et al*, **No. 26-cv-02371 — Letter Response in Opposition to Defendant Seven Tier, L.P.'s Pre-motion Application**

Dear Judge Bulsara,

Plaintiff submits this response in the alternative to preserve timeliness, should the Court decline to enter a default and elect to review the merits of Defendant Seven Tier, L.P.'s (Seven Tier) Pre-Motion Application.

## I. PLAINTIFF STATED A PLAUSIBLE CIVIL RIGHTS CLAIM

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," providing the defendant fair notice of the grounds upon which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation requires more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Id.* A complaint must contain enough factual matter sufficient to nudge a claim over the line from merely conceivable to plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) raising a reasonable expectation that discovery will reveal evidence supporting the claim. *Id.* at 556–557.

Plaintiff's Complaint satisfies *Twombly* by setting forth concrete facts raising a reasonable expectation that discovery will reveal evidence that the Community Development Corporation of Long Island (CDCLI) systematically replaced the mandatory framework of 42 U.S.C. § 1437f and 24 C.F.R. § 982 with an unwritten, widespread "automatic month-to-month" custom, and that Defendant Seven Tier willfully joined that custom to deprive Plaintiff of her Housing Choice Voucher (HCV) benefit, lease renewals, and procedural due process.

Plaintiff has already attached documents and communications showing CDCLI practiced its custom of "automatically converting" her to a vulnerable "month-to-month" tenant—the functional equivalent of terminating her HCV benefit without due process. This practice paved the way for Seven Tier to deprive Plaintiff of renewed written leases, providing the means for Seven Tier to serve an eviction notice and file an eviction complaint that violated both 24 C.F.R. § 982 and state law. Discovery will reveal the internal documents, records, and communications showing exactly how CDCLI maintained this custom internally for itself and Seven Tier.

Plaintiff pleaded that this practice deprived her for approximately 6 years and stretches back to at least 2008. Discovery will show how many other HCV tenants this custom deprived, how many other landlords shirked the regulatory framework while collecting rent, how much in fees CDCLI collected while failing to administer the program legally, and how poorly CDCLI treated Plaintiff and other HCV tenants after reducing them from low-income tenants to dispensable objects of profit. These facts easily catapult Plaintiff's claim, which is already plausible on its face, 20 feet further over the line from conceivable to plausible.

## A. SEVEN TIER IS A STATE ACTOR UNDER THE JOINT ACTION DOCTRINE

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that she was deprived of a federal constitutional or statutory right by a person acting under color of state law.

Seven Tier's assertion that the "close nexus" test represents the exclusive pathway to plead state action is legally incorrect. State action is present when a private entity performs a public function that is traditionally and exclusively reserved to the State. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974). In addition, private entities are generally not liable under § 1983 for the constitutional torts of their employees unless their actions pursuant to an official policy or widespread custom caused the constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). While *Monell* originally addressed municipal employers, the Second Circuit has explicitly extended its rationale to private entities acting under color of state law. *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408–409 (2d Cir. 1990). CDCLI, a corporation acting on behalf of the Housing Trust Fund Corporation (HTFC), performs functions that are traditionally the exclusive prerogative of the State, including lease approval, execution and administration of Housing Assistance Payment (HAP) contracts, regulatory enforcement, program eligibility determinations, and oversight of tenancy terminations. Consequently, CDCLI's structural actions are fairly attributable to the State and it may be held liable for the actions of its employees under *Monell*.

To establish § 1983 liability for a private collaborator, a plaintiff need not show that the accused is an official officer of the State; it is sufficient to allege that the private entity was a "willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *see also Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Because Plaintiff's Complaint from paragraphs 69-96, explicitly alleges that Seven Tier willfully aligned its acts or omissions with and jointly participated in CDCLI's unconstitutional custom, Seven Tier is a state actor under the joint action doctrine.

2

## B. SEVEN TIER DEPRIVED PLAINTIFF OF PROTECTED PROPERTY INTERESTS WITHOUT DUE PROCESS

### 1. Property Interest in the HCV Benefit

"Property interests are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits". *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). The statutory and regulatory framework governing the Section 8 program under 42 U.S.C. § 1437f and 24 C.F.R. § 982 secures a participant's legitimate entitlement to continued housing assistance. An HCV participant maintains a constitutionally protected property interest in their voucher benefit. *Goldberg v. Kelly*, 397 U.S. 254 (1970). Consequently, Plaintiff has a constitutional protected interest in her HCV benefit. CDCLI could only terminate this benefit via formal notice and an administrative hearing. Instead, CDCLI bypassed 42 U.S.C. § 1437f and 24 C.F.R. § 982, using an unwritten "automatic month-to-month" custom to let Seven Tier strip Plaintiff's leasehold protections without a hearing. Seven Tier actively utilized this custom to execute this systemic deprivation, acting jointly under color of law.

### 2. Property Interest in Continued Tenancy via Lease Renewal

Under 24 C.F.R. §982.308, an HCV landlord is regulatorily mandated to incorporate a lease renewal clause into the initial lease. This requirement creates an entitlement to a consistent, valid lease and subsequently, coterminous HAP contract framework during the tenancy rather than an abstract private expectation. In addition, a leasehold interest, including a contractual right to renewal terms, constitutes a protected property interest. Property is not a monolith but an independently cognizable "bundle of rights," which includes the right to use and the right to exclude. *Kaiser Aetna v. United States*, 444 U.S. 164, 176 (1979). Seven Tier deprived Plaintiff of this protected interest by omitting the mandated renewal clause and failing to execute written lease renewals with the Plaintiff, for the calendar years 2018, 2020, 2021, and 2022.

### 3. Property Interest in a Cause of Action and Procedural Due Process

A cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982). Under 24 C.F.R. § 982.310, an HCV landlord may only terminate a tenancy during the lease term by serving proper written notice, identifying the narrowly regulated grounds for eviction, and serving the same upon the public housing authority. Moreover, New York law strictly dictates that where a landlord seeks to recover possession in a summary proceeding, the petition must explicitly allege the regulatory status of the premises and strict compliance with the aforesaid regulation. *Villas of Forest Hills Co. v. Lumberger*, 128 A.D.2d 701, 702 (2d Dep't 1987); *Matter of Volunteers of Am.-Greater N.Y., Inc. v. Almonte*, 65 A.D.3d 1155 (2d Dep't 2009); RPAPL § 741. Because these mandatory protections apply "during the term of the lease," removing the lease framework strips the tenant of their procedural due process. Seven Tier engineered this deprivation by omitting the renewal mechanism, treating the Plaintiff's tenancy as a standard month-to-month holdover, serving her a standard 90-day notice to terminate without stating any federal regulatory

3

grounds, and misrepresenting the Plaintiff's regulatory status to the state court. Accordingly, Seven Tier deprived Plaintiff of proper notice, a correct cause of action, and a meaningful opportunity to be heard.

## II. PLAINTIFF'S CLAIMS ARE TIMELY UNDER THE CONTINUING VIOLATION DOCTRINE

Plaintiff's claims are fully timely. Although a § 1983 action ordinarily accrues when a plaintiff knows or has reason to know of the injury, the continuing violation doctrine provides an equitable exception to the standard accrual timeline. *Harris v. City of New York*, 186 F.3d 243, 248 (2d Cir. 1999). Under this doctrine, when a plaintiff seeks redress for injuries resulting from a continuous, systematic custom or policy rather than an isolated, discrete act, the limitations period does not begin to run until the final occurrence of the challenged practice. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380–381 (1982). To invoke the doctrine in a 42 U.S.C. § 1983 action, a plaintiff must allege both the existence of an ongoing unconstitutional policy or custom and at least one non-time-barred act taken in furtherance of that policy. *Shomo v. City of New York*, 579 F.3d 176, 181–182 (2d Cir. 2009).

Plaintiff's Complaint explicitly alleges that CDCLI maintains a widespread, unwritten custom of treating tenancies as automatically converting to month-to-month, thereby stripping participants of written lease renewals and coterminous HAP contracts. Seven Tier's initial omission of the mandatory renewal clause in 2017 represents the inception of this unified, continuous series of collective acts.

The deprivations flow directly from this systemic custom and are ongoing. Defendant Mangino, operating under the umbrella of the exact same unwritten CDCLI custom, has denied subsequent lease renewals for 2024, 2025 and 2026, and commenced a summary eviction action currently pending in state court, without the notice or good cause safeguards mandated by 42 U.S.C. § 1437f and 24 C.F.R. § 982. Because the Complaint identifies a continuous, active policy custom or usage, coupled with non-time-barred acts taken in its furtherance, Seven Tier's statute of limitations defense fails as a matter of law.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that Seven Tier's anticipated motion to dismiss lacks merit.

## Certification

Pursuant to the Court's Rule VI.I,1. as well as Local Civil Rule 7.1(c), I hereby certify that this Response contains 1,1731 words, exclusive of the caption and signature block, and complies with the length restrictions imposed by the Court.

## Rule VI. I.

Plaintiff intends to rely upon the pleading being attacked.

4

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887

Sworn to (or affirmed) before me

this ___ day of June, 2026

Notary Public, State of New York

Commission Exp.: _04/18/2028_

David DeRubeis
Notary Public, State of New York
No. 01DE0023698, Suffolk County
Commission Expires April 18, 2028