FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JUN 03 2026   ★

LONG ISLAND OFFICE

Kyung L. Trotter
Plaintiff Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

June 2, 2026

The Honorable Judge Sanket J. Bulsara
United States District Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Courtroom 930
Central Islip, NY 11722

**Re: Kyung L. Trotter v. Community Development Corporation of Long Island, Inc., *et al*, No. 26-cv-02371 — Letter Application Concerning Defective Service of Defendant Seven Tier, Lp's Pre-Motion Letter and Failure to Include Required Word-Count Certification**

Dear Judge Bulsara,

I am the Plaintiff in this action. I respectfully submit this short letter application to object to Defendant Seven Tier L.P.'s (Seven Tier's) purported Rule 12 pre-motion letter, filed at ECF No. 20, as Defendant failed to comply with the Court's Individual Rule VI.I.1., and Fed. R. Civ. P. 5 in these material respects: (1) Defendant did not serve me with a paper copy of the pre-motion letter, although I am a pro se litigant and paper service was required; and (2) Defendant did not include the Court-required certification that the submission in this pre-motion process is 1,750 words or less.

This request is not a merits response to Defendant's proposed Rule 12 motion. Rather, it concerns threshold compliance with the Court's rules and the effect of Defendant's failure to properly serve and file the required pre-motion submission within the time allowed to respond to the Complaint.

**Relevant Background**

The Complaint was served on Defendant Seven Tier on May 6, 2026. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), a defendant generally must serve an answer within 21 days after being served with the summons and complaint, unless another time is provided by rule or court order.

The Court's Individual Rules require a party seeking to make a Rule 12 motion to first file a pre-motion letter and participate in a pre-motion conference process. As I

1

understand the Court's practice, that pre-motion letter functions as the required step that preserves the moving party's ability to pursue Rule 12 relief within the Rule 12 response period. For that reason, the pre-motion letter must be both timely and properly served.

Defendant filed a pre-motion letter on ECF on May 27, 2026, but I did not receive paper service of that letter. Because I am proceeding pro se, ECF filing alone did not provide me with the notice and service required by the Court's rules. Defendant also omitted the required certification that the letter submission is 1,750 words or less.

**Objection**

I respectfully object to Defendant's pre-motion letter being treated as a timely or compliant Rule 12 pre-motion submission. Federal Rule of Civil Procedure 5 governs service of papers after the complaint, and the Court's Individual Rules impose additional requirements for this particular pre-motion process. Where Rule 5 requires service of papers on all parties, service on a pro se litigant is not complete merely because a document was placed on ECF.

Defendant therefore did not simply make a harmless formatting error. Defendant failed to comply with the very procedure that the Court requires before a Rule 12 motion may be made, and also failed to give the pro se Plaintiff the required paper notice of that filing. The failure is prejudicial because the pre-motion letter is being used as the operative filing that preserves Defendant's Rule 12 timing and frames the pre-motion conference process.

Defendant Seven Tier's simultaneous omission of the mandatory word-count certification and its total failure to effectuate Rule 5(b) service demonstrate a cumulative pattern of non-compliance. These are not isolated, harmless clerical errors; rather, they represent a systemic failure to adhere to both the Federal Rules of Civil Procedure and this Court's explicit Individual Rules. Consequently, the defective submission should be treated as a nullity.

**Relief Requested**

For these reasons, I respectfully request that the Court:

**FIRST**- Determine that Defendant's pre-motion letter at ECF No. 20 was not properly served on Plaintiff and does not constitute a compliant or timely pre-motion submission under the Court's Individual Rules;

**SECOND**- Direct Defendant to show cause why it should not be deemed to have failed to timely plead or otherwise defend within the meaning of Federal Rule of Civil Procedure 55(a), or alternatively permit Plaintiff to seek entry of default from the Clerk based on Defendant's failure to timely answer or properly preserve a Rule 12 motion;

2

**THIRD-** Grant such other and further relief as the Court deems just and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding the lack of physical service and omission of certification are true and correct.

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887

3