FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 17 2026 ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

---------------------------------------------------------------------------------x

Case No.: 26-cv-02371 (SJB) (ARL)

**NOTICE OF MOTION FOR LEAVE TO FILE FOR DEFAULT JUDGEMENT**

RECEIVED
JUN 17 2026
EDNY PRO SE OFFICE

**PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law, the Declaration of Plaintiff Kyung L. Trotter, the Clerk's Certificate of Default against Defendant John Mangino dated June 8, 2026, and upon all the prior pleadings and proceedings had herein, Plaintiff *pro se* moves this Court before the Honorable Judge's Bulsara, United States District Judge, at the United States District Courthouse, located at100 Federal Plaza, Central Islip, NY 11722, pursuant to Federal Rules of Civil Procedure 54(b) and 55(b)(2) and Local Civil Rule 7.1, for an order granting Plaintiff leave to file a Motion for Default Judgment against Defendant John Mangino.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Individual Practices of Judge Bulsara, and because the Court does not require oral argument, this motion is respectfully submitted for decision on the papers.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff seeks leave to move for default judgment on the grounds that the *Frow v. De La Vega* doctrine does not bar an application for default judgment under the specific facts of this case because there is no risk of incongruous final orders as no answering Defendants have secured a final order on the merits of the case.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Civil Rule 6.1, opposition papers, is any, must be served and filed on or before June 30, 2026.

Respectfully submitted,

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

RECEIVED
JUN 17 2026
EDNY PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

---------------------------------------------------------------------------------------x

Case No.: 26-cv-02371 (SJB) (ARL)

**AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO FILE FOR DEFAULT JUDGEMENT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2026 ★
LONG ISLAND OFFICE

**I, KYUNG L. TROTTER**, being duly sworn, depose and say:

1. I am the Plaintiff pro se in this action. I respectfully submit this affidavit in support of my motion for leave to file a motion for default judgment as to liability against Defendant John Mangino.

2. On June 8, 2026 the Clerk of this Court entered a Certificate of Default against Defendant John Mangino (Defendant Mangino) (Exhibit A).

3. On June 10, 2026, the Court entered an order, *sua sponte*, directing me to complete prosecution of the case against Defendants Seven Tier, L.P. and Thomas Zawyrucha before moving for default judgment against Defendant John Mangino, pursuant to *Moore v. Booth*, 122 F.4th 61, 70 (2d Cir. 2024), citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

4. As of June 16, 2026, no other Defendant in this action has obtained a judgment on the merits or dismissal of Plaintiff's claims.

5. Defendant Mangino has not appeared, answered or asserted any defenses.

6. I do not seek a final judgement of damages against Defendant Mangino.

7. I received no notice or opportunity to be heard as to the restriction on filing a Fed. R. Civ. P. 55(b)(2) motion for default judgement.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on June 16, 2026

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

RECEIVED
JUN 17 2026
EDNY PRO SE OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

---------------------------------------------------------------------------------x

Case No.: 26-cv-02371 (SJB) (ARL)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE FOR DEFAULT JUDGEMENT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2026 ★
LONG ISLAND OFFICE

## INTRODUCTION

Plaintiff respectfully submits that while the Court's *sua sponte* order was undoubtedly intended to promote docket economy under *Frow*, its practical effect has inadvertently insulated Defendant Mangino from the consequences of his willful default. By precluding Plaintiff from moving for an interlocutory entry of liability under Federal Rule of Civil Procedure 55(b)(2), the order has effectively created a safe harbor for a non-appearing party. Defendant Mangino is currently leveraging this federal procedural freeze to aggressively advance a parallel eviction proceeding in the Fifth District Court, scheduled for trial in just five days. Defendant Mangino seeks to rush that state action to a final judgment solely to manufacture a preclusion defense, thereby extinguishing Plaintiff's federal claims before they can even be heard. While Plaintiff respects the Court's inherent authority to manage its docket, that discretion should not be utilized to divest a law-abiding litigant of the procedural protections established by Rule 55. Doing so

inadvertently rewards a defaulting adversary's conscious decision to disregard a federal summons, permitting him to use that delay to complete an ongoing violation of Plaintiff's Fourteenth Amendment rights. In addition, Plaintiff respectfully further submits that the principles discussed in *Frow v. De La Vega*, *Moore v. Booth*, and *Henry v. Oluwole* do not require postponement of a liability-only default judgment motion against Defendant Mangino under the circumstances presently in this case, as no other Defendant has obtained a judgment on the merits and no inconsistent final judgment presently exists.

## ARGUMENT

### I. The June 10, 2026 Order Operates as a Filing Restriction

Plaintiff respectfully recognizes the Court's authority to manage its docket. However, Plaintiff respectfully submits that the June 10, 2026 order does more than set ordinary scheduling requirements. It prevents Plaintiff from moving for default judgment against Defendant Mangino until Plaintiff completes prosecution against Defendants Seven Tier, L.P. and Thomas Zawyrucha. Because Defendant Mangino is already in default, the order restricts Plaintiff's ability to seek relief under Federal Rule of Civil Procedure 55(b).

Plaintiff does not seek to disregard the Court's order. Plaintiff seeks leave so that she may file and have considered a motion for default judgment as to liability without violating the Court's directive. To the extent the June 10, 2026 order functions as a bar to said filing, Plaintiff respectfully submits that such a restriction should not be imposed *sua sponte* without notice and an opportunity to be heard. "The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207 (2nd Cir. 1998).

**<u>No Incongruity Exists at the Current Juncture of the Case</u>**

Plaintiff respectfully submits that the "Frow Principle" does not apply to the current posture of her case. "The Supreme Court held in *Frow v. De La Vega* that "a default judgment that creates an 'incongruity' ***with a judgment on the merits*** is 'unseemly and absurd, as well as unauthorized by law.' " *Henry v. Oluwole*, 108 F.4th 45, 54 (2d Cir. 2024) (quoting Frow, 82 U.S. at 554). *Frow* involved several defendants who were sued jointly. One defendant defaulted, and the district court entered a default judgment against that defendant. The litigation proceeded against the non-defaulting defendants, and the claims were dismissed on the merits.

The Supreme Court reversed the default judgment, explaining that '[i]t would be unreasonable to hold, that because one defendant had made default, the plaintiff should have a decree even against him, where the court is satisfied from the proofs offered by the other, that in fact the plaintiff is not entitled to a decree.' *Frow*, 82 U.S. at 554 (quoting *Clason v. Morris*, 10 Johns. 524, 538 (N.Y. 1812) (opinion of Spencer, J.)). Rather, the Court explained, "if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others." Id. *Moore v. Booth*, 122 F.4th 61,67 (2nd Cir. 2024).

Here, there is no "incongruity". No Defendants have litigated successfully and secured a judgement on the merits in this case. Thus, there is no absurdity or illegality at this juncture of the case. No Defendants have satisfied the Court with offered proofs that the Plaintiff is not entitled to a decree. Thus, it is not unreasonable to enter a default as to liability against Defendant Mangino, who has made no effort whatsoever to appear or defend himself in any way. If the suit should be decided in the future against the Plaintiff on the merits, then it should be dismissed against all Defendants, but respectfully, the case has not reached such a status.

**<u>The Frow Principle Does Not Prohibit the Court from Entering a Default Judgement as to Liability</u>**

Plaintiff respectfully submits that Frow does not bar the Plaintiff from proceeding pursuant to Fed. R. Civ. 55(b)(2) and seeking a default judgment against Defendant Mangino for liability only. It prevents the Court from entering a final, enforceable judgment for damages or permanent relief against a defaulting defendant that might later clash with a victory by the active defendants. At this stage of the case where such procedural postural does not exist, pursuant to *Frow*, "[t]he true mode of proceeding... is simply to enter a default and a formal decree *pro confesso* against him and proceed with the cause upon the answers of the other defendants. *Frow v. De La Vega, 82* U.S. 552, 554, 555 (1872). Indeed, all three Courts, *Frow*, *Moore* and *Henry* entered default judgements as to liability against the defaulting Defendants. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("a decree *pro confesso* was taken against [Frow] at September Rules, 1868.") *Moore v. Booth*, 122 F.4th 61, 65 (2nd Cir. 2024), ("On December 7, 2021, the district court entered a default judgment against Booth on liability and scheduled a damages inquest to be held on March 10, 2022.") *Henry v. Oluwole*, 108 F.4th 45, 48 (2nd Cir. 2024) ("Oluwole did not initially appear, and the district court entered a default judgment against him as to liability but not as to damages."). Plaintiff does not seek an order of default judgement as to Defendant Mangino's liability in damages. She only seeks her rightful procedural next and proper step, in lockstep with 2nd Circuit caselaw, which is to apply for a judgement confirming Defendant Mangino's default "*pro confesso*", or reflecting that the well-pleaded allegations against him are deemed admitted for purposes of liability. See *Henry v. Oluwole*, 108 F.4th 45, 55 (2d Cir. 2024); *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). ("If

the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

**The Answering Defendants Are Not Prejudiced By a Judgement of Default As to Liability**

The remaining Defendants are not prejudiced if the Plaintiff seeks and is granted a default judgement against Defendant Mangino as to his liability. The remaining Defendants in *Frow*, *Moore* and *Henry*, enjoyed an unfettered ability to continue litigating all the way to the end of trial, "[a]fter this final decree against the appellant, the court proceeded to try the issues made by the answers of the other defendants..." *Frow v. De La Vega*, 82 U.S. 552, 554 (1872), 554. "The district court eventually dismissed the claims against the four other officers..." *Moore v. Booth*, 122 F.4th 61, 63 (2nd Cir. 2024). "The case against Bristol then proceeded to trial." *Henry v. Oluwole*, 108 F.4th 45 (2nd Cir. 2024). Just as these remaining Defendants proceeded with their defenses, so too may the answering Defendants in this case.

**The Frow Principle is an Affirmative Defense of Collateral Estoppel**

As the Third, Fourth, Fifth, Eighth, Ninth, Tenth, and Eleventh Circuits have explained, the Frow principle applies when the defendants are 'similarly situated' or have 'closely related defenses'. The idea is that when 'facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved. *Moore v. Booth*, 122 F.4th 61, 67-68 (2nd Cir. 2024)." Plaintiff respectfully submits that Defendant Mangino has not come forth and requested that the Plaintiff be collaterally estopped and even if he had, collateral

estoppel does not apply at this stage as there has been no judgment rendered on the merits in favor of any other Defendant.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her leave to file her motion for default judgment as to liability notwithstanding the June 10, 2026 order.

**DECLARATION**

I, Kyung L. Trotter, declare under penalty of perjury pursuant to 28 U.S.C. § 1746

that the following statements are true and correct:

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com
Dated: June 16, 2026

RECEIVED

JUN 17 2026

EDNY PRO SE OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

-------------------------------------------------------------------------------x

Case No.: 26-cv-02371 (SJB) (ARL)

**CERTICATE OF COMPLIANCE WITH WORD COUNT LIMIT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2026 ★
LONG ISLAND OFFICE

Pursuant to the Local Civil Rule 7.1(c) and the Individual Rules of Judge Bulsara VI.E, the undersigned Plaintiff, pro se hereby certifies that this Memorandum of Law in Support of Motion for Clarification or Leave to File Default Judgement, complies with the applicable word count limitation of 3500 words, as the total word count of the same is 2,363.

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

KYUNG L. TROTTER,

Plaintiff,

- against -

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC., SEVEN TIER, L.P. also known as Craig Rubenstein, LESLIE BARRY, JOHN MANGINO, DELORES PHRANER, WILMA HAYES, THOMAS ZAWYRUCHA,

Defendants.

---------------------------------------------------------X

**CLERK'S CERTIFICATE OF DEFAULT**
CV 26-2371 (SJB)(ARL)

I, Brenna B. Mahoney, Clerk of Court for the United States District Court for the Eastern District of New York, do hereby certify that defendant, **JOHN MANGINO** has not filed an answer or otherwise moved with respect to the complaint, and that the time to answer or move has expired.

The default of defendant, **JOHN MANGINO** is hereby noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated: June 8, 2026
Central Islip, New York

BRENNA B. MAHONEY
CLERK OF THE COURT

BY: /S/ JAZMIN M. CUBANO
DEPUTY CLERK

Exhibit A