FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 17 2026 ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

---------------------------------------------------------------------------x

Case No.: 26-cv-02371

Motion KLT.

**NOTICE OF ~~ORDER TO SHOW CAUSE~~ FOR TEMPORARY RESTRAINING ORDER**

RECEIVED
JUN 17 2026
EDNY PRO SE OFFICE

**PLEASE TAKE NOTICE** that upon the annexed Affidavit of Kyung L. Trotter, sworn to on June 16, 2026; the newly issued Certificate of Default against Defendant John Mangino (Exhibit A); the pending eviction trial date scheduled for June 18, 2026, in the Suffolk County 5th District Court (Exhibit B); the conclusory Order of said Court entered on April 15, 2026 (Exhibit C); and all prior pleadings, papers, and proceedings had herein, Plaintiff Kyung L. Trotter moves this Court, before the Honorable Sanket J. Bulsara, United States District Judge, at the United States Courthouse, 100 Federal Plaza, Central Islip, NY 11722, New York, for an Order:

1. GRANTING a Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b) enjoining Defendants John Mangino and Thomas Zawyrucha from using, prosecuting, enforcing, or completing an eviction through the state-court process that

denies Plaintiff constitutionally adequate notice, a meaningful opportunity to be heard, and a neutral tribunal; and

2. MAINTAINING the status quo of the parties and the subject tenancy pending a formal preliminary-injunction hearing before this Court.

**GROUNDS FOR MOTION**

Plaintiff respectfully submits that this emergency application is necessary based upon the following critical points:

- The Clerk's Entry of Default: The Clerk of this Court formally issued a Certificate of Default against Defendant John Mangino, as he failed to file a pre-motion letter or answer the complaint within the 21 days permitted by law. (Exhibit A).

- The Intent to Complete the Deprivation: Despite Defendant Mangino's operational legal admission of all of Plaintiff's well-pleaded factual allegations—specifically that he is violating her Fourteenth Amendment rights—Mangino intends to aggressively prosecute a summary state-court eviction trial on June 18, 2026, to strip Plaintiff of her protected property interest in her home before her federal claims can be heard (Exhibit B).

- The Inadequacy of the State Forum: The state court issued a completely conclusory order, received by Plaintiff on April 15, 2026, which summarily denied Plaintiff's motions without addressing her jurisdictional challenges, federal constitutional claims, lease-term merits, or procedural due process rights. This judicial action proves that the state forum is procedurally inadequate, reinforcing the immediate need for federal intervention (Exhibit C).

Respectfully submitted,

KYUNG L. TROTTER
Plaintiff, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

RECEIVED
JUN 17 2026
EDNY PRO SE OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

---------------------------------------------------------------------x

Case No.: 26-cv-02371

**AFFIDAVIT IN SUPPORT OF ~~ORDER TO SHOW CAUSE~~ MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** K.L.T.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2026 ★
LONG ISLAND OFFICE

**KYUNG L. TROTTER**, being duly sworn, deposes and says:

1. I am the Plaintiff pro se in this action. I submit this affidavit in support of my motion for a Temporary Restraining Order (TRO).

2. I Kyung L. Trotter, am the Plaintiff in this action and a competent adult. I make this declaration in support of my Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction as follows:

3. I am a participant of the Housing Choice Voucher program.

4. My landlord is John Mangino, who is also a defendant named in my 42 U.S.C. §1983 filed in this court.

5. Defendant Mangino is pursuing a holdover/eviction process against me based on an asserted, mere nonrenewal and/or month-to-month theory, as opposed to the federal requirements that he show grounds for good cause before terminating my tenancy.

6. I have not been afforded any opportunity to be heard in the eviction court.

7. The eviction goes to trial on June 18, 2026

8. Thus, I face a threat of imminent eviction, homelessness and a termination of my Housing Choice Voucher.

9. My Section 1983 asserts that Defendant CDCLI is the state and that Defendant Mangino acted with CDCLI to deprive me of my property interests in my HCV benefit and continued tenancy by way of renewed leases, without a hearing or procedural due process in the summary eviction court.

10. In my Section 1983, I raised several serious questions going to the merits including

    - whether CDCLI has a policy or custom which deprives HCV tenants of due process, before its participating landlords may terminate the tenancies of voucher holders, in violation of 42 U.S.C. §1437f and 24 CFR §982
    - whether Defendant Seven Tier, LP (Seven Tier) failed to serve the Plaintiff predicate notice compliant with 42 U.S.C. §1437f and 24 CFR §982.310 before terminating her tenancy, in violation of due process
    - whether 42 U.S.C. §1437f and 24 CFR §982 provide that a tenant automatically becomes a "month to month" tenant after her first lease term expires

- whether Seven Tier, LP engaged in a constitutional "end run" with CDCLI to deprive the Plaintiff of her HCV benefit
- whether Seven Tier filed a petition for eviction against the Plaintiff deliberately concealing her Section 8 status to avoid having to show good cause under the aforesaid statute and regulation, depriving her of procedural due process
- whether Defendant Zawyrucha engaged in conduct which deprived the Plaintiff of procedural due process in the parallel summary eviction at issue.

11. Even if the Court rules in my favor, it will be too late to stop Defendant Mangino from evicting me from my home, with my children.

12. If the state proceeding is not stayed while this 42 U.S.C. §1983 is pending before this Court, I will suffer irreparable harm, which cannot be compensated monetarily.

13. Subsequently I do not have an adequate opportunity to raise my federal claims in the state forum.

14. In addition, the eviction Court does not have jurisdiction to hear a claim against Defendant Community Development Corporation, Long Island.

15. On June 8, the Clerk of this Court entered a Certificate of Default against Defendant John Mangino (Defendant Mangino) (Exhibit A).

16. On May 21, 2026, I attended a scheduled hearing before Judge Ukeiley for the pending eviction proceeding along with Defendant Zawyrucha, who represents Defendant Mangino.

17. At the hearing I challenged Judge Ukeiley's jurisdiction to hear the case based upon Defendant Mangino's failure to serve me notice stating good cause, as a Section 8 tenant and deliberate omission of my regulatory status in his petition, to further avoid showing good cause.

18. At that hearing Judge Ukeiley abruptly cut my argument short declaring that a "Second Call" needed to occur.

19. Judge Ukeiley then heard every single case until the entire courtroom was empty, except for myself, Defendant Mangino, Defendant Zawyrucha, an unknown person with the Defendants and court personnel.

20. Judge Ukeiley then recalled my case with no public witnesses present.

21. At that time I reiterated my challenge to the Judge's jurisdiction to no avail.

22. Judge Ukeiley did not rule on my challenge orally or by written order and reiterated that he was denying my Motion to Dismiss despite failing to address the aforesaid procedural failures of Defendant Mangino and my defenses that I asserted in the motion.

23. The Judge then ordered the eviction case to proceed to trial on June 18, 2026. (Exhibit B)

24. Judge Ukeiley, while not named as a Defendant in this action, is the State, which Defendant John Mangino, by way of his counsel, Defendant Zawyrucha is acting jointly to deprive me of my property interests in my HCV benefit and continued tenancy without due process.

25. In addition, on April 15, 2026, I received a one-sentence, conclusory written order from Judge Ukeiley, simply stating that Mangino had "stated a claim" and that factual issues necessitated a trial. (Exhibit C).

26. This order summarily denied my Motion to Dismiss for the first time, without addressing any of my federal constitutional claims or the specific merits regarding the expiration of the lease term.

27. The state Court has disregarded at least 18 state and federal procedural rules to prevent me from being heard to include: 42 U.S.C.A. §1437f d)(1)(B)(iv); 42 U.S.C.A. §1437f(o)(7)(C); 24 C.F.R. § 982.310(e)(2)(i), CPLR §2102, RPAPL § 741.1, RPAPL § 741.2., RPAPL § 741.3., RPAPL § 741.14 and RPAPL § 711.2., CPLR §2101f, CPLR §2001, CPLR §2219, CPLR §2214(c), CPLR §3012(d), CPLR §2004, N.Y. Comp. Codes R. & Regs. tit. 22, § 100.3. and CPLR §2004, all asserted by the Plaintiff in the papers listed above over a course of approximately 5 months.

28. I has also refused to adjudicate or issue written orders on the my Motion to Dismiss, Respondent's Objection to Unauthorized Extension of Time and Request for a Written Order, Supplemental Affirmation in Further Support of Respondent's Motion and Requesting That the Court Disregard Untimely Opposition Papers, Notice Rejecting Any Untimely Opposition to Respondent's Motion to Dismiss, Order to Show Cause to Stay Improperly Scheduled February 26, 2026 Hearing, Respondent's Request for a Written Order on Order to Show Cause and, Motion to Cure Irregularities in Respondent's Motion and Answer, collapsing all these filings into one conclusory, one-sentence order.

29. The conclusory nature of the April 15th order leaves me with no record to seek meaningful appellate review in state court. Consequently, unless this Court grants the TRO now, the state proceeding will move to trial on June 18th and result in a certain warrant of eviction, rendering any subsequent federal remedy moot and leaving me without the time or the record necessary to protect my constitutional interests.

30. The conclusory April 15, 2026 order stands as literal proof that the state forum is procedurally inadequate to protect my 14th Amendment rights.

31. Under *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), the Younger abstention does apply because this private civil dispute is not a "quasi-criminal" enforcement action, a state criminal prosecution or an interference with pending "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.

32. Furthermore, *Mitchum v. Foster*, 407 U.S. 225 (1972) establishes that Section 1983 claims are specifically excepted from the Anti-Injunction Act.

33. Pursuant to Fed. R. Civ. P. 65(b)(1)(B), I certify that on June 16, 2026 at 3:48 pm I provided notice of this application to Defendant Mangino's counsel for the summary eviction, Thomas S Zawyrucha, by phone at (631) 227-3435 and (631) 948-5731.

**WHEREFORE,** I respectfully request that the Court grant the Temporary Restraining Order as requested.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on June 16, 2026

_________________________

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND INC., a.k.a. COMMUNITY DEVELOPMENT LONG ISLAND
SEVEN TIER, LP, a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,

Defendants.

-----------------------------------------------------------x

Case No.: 26-cv-02371

K.L.T.

**MEMORANDUM IN SUPPORT OF ~~ORDER TO SHOW CAUSE~~ MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2026 ★
LONG ISLAND OFFICE

RECEIVED
JUN 17 2026
EDNY PRO SE OFFICE

## INTRODUCTION

Plaintiff Kyung L. Trotter respectfully moves this Court, on an emergency basis, for a Temporary Restraining Order ("TRO") and a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(b). Plaintiff seeks an Order enjoining and restraining Defendant Mangino, his agents, attorneys including Defendant Zawyrucha, and anyone acting jointly with them, from prosecuting, advancing, or enforcing the summary eviction proceeding captioned *John Mangino v. Kyung L. Trotter*, Index No. LT-1852-25/IS, currently pending in the 5th District Court of Suffolk County, Ronkonkoma, NY.

Immediate injunctive relief is required to preserve the status quo and this Court's jurisdiction and to prevent a catastrophic, unconstitutional deprivation of property and due process that cannot be undone by law.

## ARGUMENT

To be granted a preliminary injunction Plaintiff must show (1) irreparable harm absent injunctive relief and (2) 'either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor.' " *Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir.2010) (quoting *Almontaser v. N.Y. Dep't of Educ.*, 519 F.3d 505, 508 (2d Cir.2008)). *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 328 (E.D.N.Y. 2012).

### I. Plaintiff Demonstrates a Likelihood of Success on the Merits

A movant wishing to secure a preliminary injunction must demonstrate that it is more likely than not to succeed on its underlying claims, or in other words, show a greater than fifty percent probability of success on the merits. *Citigroup Global Mkts. Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2nd Cir. 2010).

To state a claim under 42 U.S.C. § 1983 (§ 1983), a plaintiff must allege that she was deprived of a federal constitutional or statutory right by a person acting under color of state law.

### A. CDCLI is a State Actor Operating Under *Monell*

Private entities are generally not liable under § 1983 for the constitutional torts of their employees unless their actions pursuant to an official policy or widespread custom caused the constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). While *Monell* originally addressed municipal employers, the Second Circuit has explicitly extended its rationale to private entities acting under color of state law. *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408–409 (2d Cir. 1990).Community Development Corporation, Long Island (CDCLI), a corporation acting on behalf of the Housing Trust Fund Corporation (HTFC),

performs functions that are traditionally the exclusive prerogative of the State, including lease approval, execution and administration of Housing Assistance Payment (HAP) contracts, regulatory enforcement, program eligibility determinations, and oversight of tenancy terminations. Consequently, CDCLI's structural actions are fairly attributable to the State and it may be held liable for the actions of its employees under Monell.

**B. Defendant Mangino Acted Jointly with CDCLI**

To establish § 1983 liability for a private collaborator, a plaintiff need not show that the accused is an official officer of the State; it is sufficient to allege that the private entity was a "willful participant in joint activity with the State or its agents." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); see also Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Plaintiff asserts in her complaint that Defendant Mangino acted jointly with CDCLI, to deprive her of her property interests in her HCV benefit and continued tenancy by way of mandatory lease renewal, without procedural due process. Thus, Defendant Mangino is a State actor.

**C. The Standard for Deprivation of Property Without Due Process**

Where a plaintiff alleges violations of procedural due process "the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law". *Zinermon v. Burch,* 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (emphasis in original). To determine whether the Plaintiffs have a valid due process claim, the Court applies a two-step inquiry: (1) whether the Plaintiffs possess a property interest and, if so, (2) what process they are due before they can be deprived of that interest. See *Ciambriello v.*

*Cnty. of Nassau*, 292 F.3d 307, 313 (2d Cir.2002). *Sinisgallo v. Town of Islip Housing Authority*, 865 F.Supp.2d 307, 330 (2012).

**D. Plaintiff's Protected Property Interest in Her HCV Benefit**

"Property interests are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits". *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). 42 U.S.C. §1437f and 24 C.F.R. § 982 secure Plaintiff's HCV benefit, by providing that the lease and HAP contract required in the framework are executed coterminously. The statute and regulation also provide that a lease must contain a renewal clause, be written and for a term not less than one year. This is not an abstract need, desire or unilateral expectation. It is a government created entitlement, which cannot be deprived without due process.

In addition, the 2nd Circuit and EDNY has held that Plaintiff has a protected property interest in participating in the HCV program, and her property interest is entitled to the protection of due process. *United States v. Leasehold Interest in 121 Nostrand Ave., Apt. 1–C, Brooklyn, N.Y.*, 760 F.Supp. 1015, 1027 (E.D.N.Y.1991) ("A public housing tenant's interest in his apartment is a property interest protected by the Constitution.") *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F.Supp.2d 307, 330 (E.D. N.Y. 2012). Thus, Plaintiff has a property interest in her HCV benefit.

**E. The Process Due Before Terminating the Benefit of the Voucher**

There is no way for CDCLI to strip the Plaintiff of her lease alone. To take the Plaintiff's ability to "lease up" away- CDCLI would have to terminate the voucher itself. To terminate the

voucher, under 24 C.F.R. § 982.555 CDCLI must provide the Plaintiff a hearing. *Goldberg v. Kelly*, 397 U.S. 254, 266-267 (1970).

CDCLI's custom of "automatic month to month" eliminates this process. It simply declares that the tenant is now "month to month" at the end of the first lease term, thus no longer entitled to a written lease. This custom caused the Plaintiff to live in a functional state of having her benefit terminated, without the due process protections of the program. Defendant Mangino utilized CDCL's custom or usage, depriving the Plaintiff of the regulatory framework which protects her HCV benefit, by failing to renew her lease in 2024, 2025 and 2026. He accepted the purported "Housing Choice Voucher Program Contract and Tenancy Addendum Amendments" of the phantom HAP contracts- which cannot legally exist without a lease- for all three years. In addition, he collected payments from the Plaintiff and CDCLI without the legal framework in place for those three years, all while leaving the Plaintiff vulnerable to eviction at his will. Thus, Defendant Mangino, acting jointly with CDCLI, deprived the Plaintiff of HCV benefit.

**F. Plaintiff's Property Interest in Continued Tenancy via Lease Renewals**

As an HCV recipient, Plaintiff has a property interest in continuing her tenancy in her home. *Jackson Terrace Ass'n v. Paterson,* 155 Misc.2d 556, 557, 589 N.Y.S.2d 141, 141 (N.Y.Dist.Ct.1992) ("A tenant in a federally subsidized housing project has a constitutionally protected expectation of continued occupancy in the absence of good cause for termination and such statutory entitlements are protected by the due process clause of the constitution."); see also *Kapps v. Wing*, 404 F.3d 105, 113 (2d Cir.2005) ("procedural due process protections ordinarily attach where state or federal law confers an entitlement to benefits"); *Lopez v. Henry Phipps Plaza South, Inc.*, 498 F.2d 937 (2d Cir.1974) (tenant in a nonprofit housing development had an

expectation in the renewal of her lease and nonrenewal without a hearing amounted to a deprivation of due process). *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F.Supp.2d 307 (E.D. N.Y. 2012), 330 See also, *Augusta v. Cmty. Dev. Corp. of Long Island, Inc.*, No. 07-CV-0361, 2008 WL 5378386 (E.D.N.Y. Dec. 23, 2008).

**G. The Process Due Before Initiating a Summary Eviction**

Under 24 C.F.R. § 982.310, an HCV landlord may only terminate a tenancy during the lease term by serving proper written notice, identifying the narrowly regulated grounds for eviction, and serving the same upon the public housing authority. Moreover, New York law strictly dictates that where a landlord seeks to recover possession in a summary proceeding, the petition must explicitly allege the regulatory status of the premises and that he has strictly complied with the aforesaid regulation. *Villas of Forest Hills Co. v. Lumberger*, 128 A.D.2d 701, 702 (2d Dep't 1987); *Matter of Volunteers of Am.-Greater N.Y., Inc. v. Almonte*, 65 A.D.3d 1155 (2d Dep't 2009); RPAPL § 741.

Because these mandatory protections apply "during the term of the lease," removing the lease framework stripped the Plaintiff of this procedural due process. Defendant Mangino engineered this deprivation by disregarding the renewal clause in their first lease, treating the Plaintiff's tenancy as a standard month-to-month holdover, serving her a standard 90-day notice to terminate her tenancy without stating any federal regulatory grounds, and misrepresenting the Plaintiff's regulatory status to the state court. Thus, Defendant Mangino deprived the Plaintiff of adequate notice before terminating her tenancy and meaningful opportunity to heard in court. As the case is still pending, he currently seeks to complete his deprivation before a partial Court. As

all elements of a Section 1983 claim are met, Plaintiff's likelihood of success on the merits is 51 percent or higher.

**II. Plaintiff Raises Serious Questions Going to the Merits**

In the alternative, Plaintiff raises serious questions going to the merits. Where a complaint raises issues that are so serious, substantial, difficult and doubtful, as to make them fair grounds for litigation, thus more deliberative, the alternative to the "likelihood of the merits" standard will be met. *Citigroup Global Mkts. Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 37 (2nd Cir. 2010). Plaintiff's alleges sufficiently serious questions going to the merits which make a fair ground for litigation. Here, the complaint raises several issues to include:

- whether CDCLI has a policy or custom which deprives HCV tenants of due process, before its participating landlords may terminate the tenancies of voucher holders, in violation of 42 U.S.C. §1437f and 24 CFR §982
- whether Defendant Seven Tier, LP (Seven Tier) failed to serve the Plaintiff predicate notice compliant with 42 U.S.C. §1437f and 24 CFR §982.310 before terminating her tenancy, in violation of due process
- whether 42 U.S.C. §1437f and 24 CFR §982 provide that a tenant automatically becomes a "month to month" tenant after her first lease term expires
- whether Seven Tier, LP engaged in a constitutional "end run" with CDCLI to deprive the Plaintiff of her HCV benefit

- whether Seven Tier filed a petition for eviction against the Plaintiff deliberately concealing her Section 8 status to avoid having to show good cause under the aforesaid statute and regulation, depriving her of procedural due process
- whether Defendant Zawyrucha engaged in conduct which deprived the Plaintiff of procedural due process in the parallel summary eviction at issue.

As these questions are so serious, substantial and difficult, that they require a trial or the Court's deliberative investigation. Thus, serious questions which go to the merits and make a fair ground for litigation exist. *McNeill v. New York City Housing Authority*, 719 F.Supp. 233, 256 (S.D. N.Y. 1989).

**III. Plaintiff Will Suffer Irreparable Harm Absent Injunction**

The threat of eviction and the realistic prospect of homelessness constitute a threat of irreparable injury, and satisfies the first prong of the test for preliminary injunctive relief. *McNeill v. New York City Housing Authority*, 719 F.Supp. 233, 256 (S.D. N.Y. 1989). Defendant Mangino, while having an entry of default against him in this court, continues to pursue his unconstitutional eviction against the Plaintiff in the 5th District court. Subsequently, Plaintiff is facing the certainty that a warrant of eviction will be issued against her on June 18, 2026, the day of the scheduled "trial". Since Plaintiff has pleaded in her Section 1983 complaint, that she has been deprived of her right to procedural due process in the 5th District Court, including no consideration of her defenses in her Motion to Dismiss, no ruling on her challenge to the Court's jurisdiction for Defendant Mangino's lack of predicate notice and failure to state to a claim and no written orders rendered for her to have a record to send to the appellate court for review, Plaintiff will surely be evicted on June 18, 2026. There is no other way that a summary eviction in which the landlord is the only party allowed to litigate to go.

In addition, if the 5th District Court issues an eviction warrant against her, CDCLI has informed her that such will lead to an automatic termination of her HCV voucher. (See Exhibit D) Although Defendant Mangino is fully aware that the Plaintiff attempted to continue to pay her rent despite the ongoing eviction proceedings, (See Exhibit E) he has fabricated a nonexistent arrearage in the eviction petition. (See Exhibit F). Plaintiff asserted a defense for lack of notice against this claim as well, however this defense was also in her Motion to Dismiss, complete with a 28-page Memorandum of Law to support it, which the eviction Court collapsed into a conclusory, one-sentence order on April 15, 2026.

If Defendant Mangino and any person acting on his behalf is not enjoined from continuing the pursuit of this unconstitutional summary eviction Plaintiff will lose her home and her voucher. Thus, Plaintiff will suffer irreparable harm.

**IV. The Balance of Hardships Tips Decidedly in Plaintiff's Favor**

The Second Circuit has found that the balance of equities favor injunctive relief. Absent a showing to the contrary, the threat of eviction and the prospect of homelessness to the tenant outweighs the inconvenience and hardship to the landlords. *McNeill v. New York City Housing Authority*, 719 F.Supp. 233, 255 (S.D. N.Y. 1989). If the Court does not enjoin Defendant Mangino from completing his deprivation of her right to continued tenancy, Plaintiff and her family to include a minor will be homeless and eventually, without a voucher to find another home. Defendant Mangino on the other hand will not receive rent payments, something that never needed to happen and is a consequence of his doing, but he will still have a home. As such, the balance of hardships tip decidedly in the Plaintiff's favor.

**V. A Temporary Restraining Order is in the Public Interest**

The public interest is heavily served by halting a systemic practice that undermines federal housing safeguards. CDCLI's unwritten custom of enforcing an "automatic month-to-month" regime strips Section 8 tenants of mandatory written leases, leaving them entirely vulnerable to eviction-at-will without due process. Because this manufactured policy stretches back to at least 2008, an untold number of low-income voucher holders across Long Island have likely faced unconstitutional displacement under this exact practice. Furthermore, if a private landlord can enter the local District Court, file a legally non-compliant petition, and leverage a total breakdown of procedural safeguards to secure a swift warrant of eviction, then the structural integrity of the Housing Choice Voucher program within this jurisdiction is compromised. Subsidized tenants who pay their rent faithfully should never be subjected to arbitrary removal outside the narrow, heavily regulated grounds explicitly mandated by 42 U.S.C. § 1437f and 24 C.F.R. § 982.310. Accordingly, this Court's immediate intervention via a Temporary Restraining Order is necessary to protect the public interest.

**VI. The Anti-Injunction Act Offers No Barrier to this § 1983 Application**

Under 28 U.S.C.A. § 2283, a court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. 42 U.S.C. §1983, which authorizes a suit in equity to redress the deprivation under color of state law of any rights, privileges, or immunities secured by the Constitution, is an Act of Congress that falls within the "expressly authorized" exception of 28 U.S.C.A. § 2283. *Mitchum v. Foster*, 407 U.S. 225, 240-243 (1972). As the Plaintiff's complaint is a 42 U.S.C. §1983, Plaintiff respectfully submits that the Court has the statutory authority to stay the State court eviction. In any case, Plaintiff is asking that the Defendants Mangino and Zawyrucha be enjoined, not the State proceedings.

In addition, federal courts should "abstain from jurisdiction whenever federal claims have been or could have been presented in ongoing state judicial proceedings that concern important state interests." The doctrine does not apply, however, when plaintiffs' federal claims cannot be presented in pending state proceedings. *McNeill v. New York City Housing Authority*, 719 F.Supp. 233, 255 (S.D. N.Y. 1989). Plaintiff's Section 1983 complaint asserts that CDCLI has a policy, custom or usage of "automatic month to month" tenancy. The housing court has no jurisdiction to grant the Plaintiff relief in this regard. Thus, the housing court is an inadequate forum pursuant to both the Anti Injunction Act and Younger abstention. Id at 255-256.

**VII. The Younger Abstention Does Apply to this Action**

Plaintiff respectfully submits that the Younger Abstention is not a blanket prohibition of a federal court's interference with *any* ongoing state proceedings. *Younger* extends to three "exceptional circumstances", but no further. *Sprint Communications Inc. v. Jacobs*, 134 S. Ct. 584, 594 (2013). Those exceptions are: (1) federal intrusion into ongoing state criminal prosecutions, (2) certain "civil enforcement proceedings" and (3) [to prevent] interference with pending "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." Id. at 587 (2013).

With respect to criminal prosecutions, clearly an eviction proceeding is not a criminal proceeding.

When the Supreme Court speaks of "civil enforcement proceedings", it is referring to those proceedings which are akin to criminal proceedings, such as one initiated by a State which will likely lead to prosecution. That circumstance also does not apply to the Plaintiff's eviction case. The landlord in the eviction case is not the State in its sovereign capacity taking civil

enforcement action against the Plaintiff. *Trainor v. Hernandez*, 97 S.Ct. 1911 (1977), *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 102 S.Ct. 2515 (1982).

Neither is the eviction an order which is uniquely in furtherance of the state courts' ability to perform its judicial functions such as a civil contempt order, or a requirement for posting a bond pending appeal. Only these exceptional circumstances justify a federal court's refusal to decide a case in deference to the States. *Sprint Communications Inc. v. Jacobs*, at 591. Thus, the Younger abstention does not apply to the State court eviction.

**VIII. The State Forum is Demonstrably Inadequate**

**A. Total Breakdown of Procedural Safeguards**

"Younger v. Harris contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts. Such a course naturally presupposes the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved." Gibson v. Berryhill 8212 653, 411 U.S. 564, 577 (1973). Even if the *Younger* abstention were applicable—which Plaintiff maintains it is not—the state forum is fundamentally inadequate to protect Plaintiff's constitutional rights. To pave the way for Defendant Mangino's favorable outcome, the state Court has:

- **disregarded at least 18 federal and state procedural statutes and regulations to include**: 42 U.S.C.A. §1437f d)(1)(B)(iv); 42 U.S.C.A. §1437f(o)(7)(C); 24 C.F.R. § 982.310(e)(2)(i), CPLR §2102, RPAPL § 741.1, RPAPL § 741.2., RPAPL § 741.3., RPAPL § 741.14 and RPAPL § 711.2., CPLR §2101f, CPLR §2001, CPLR §2219, CPLR §2214(c), CPLR §3012(d), CPLR §2004, N.Y. Comp. Codes R. & Regs. tit. 22, §

100.3. and CPLR §2004, all asserted by the Plaintiff in the papers listed above over a course of approximately 5 months.

- **refused to issue written orders for the Plaintiff's:**
    - Motion to Dismiss
    - Respondent's Objection to Unauthorized Extension of Time and Request for a Written Order
    - Supplemental Affirmation in Further Support of Respondent's Motion and Requesting That the Court Disregard Untimely Opposition Papers
    - Notice Rejecting Any Untimely Opposition to Respondent's Motion to Dismiss
    - Order to Show Cause to Stay Improperly Scheduled February 26, 2026 Hearing
    - Respondent's Request for a Written Order on Order to Show Cause and
    - Motion to Cure Irregularities in Respondent's Motion and Answer

**B. Total Absence of an Appealable Record**

Exhibit C (the DC-88 order received April 15, 2026) is the literal proof of the State court's inadequacy. Because the state court issued a blank DC-88, with no reasoning and has refused to provide written orders on any of Plaintiff's motions, the Plaintiff is left with no record to send to an appellate court. Even if the Plaintiff attempted an appeal, the appellate court would have nothing to review for error.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court issue an immediate Temporary Restraining Order and Preliminary Injunction enjoining Defendant Mangino, Defendant Zawyrucha, from proceeding with the summary eviction trial on June 18, 2026, or taking any actions to disrupt Plaintiff's tenancy.

Respectfully submitted,

KYUNG L. TROTTER
Plaintiff, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RECEIVED

JUN 17 2026

EDNY PRO SE OFFICE

---------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

Case No.: 26-cv-02371 (SJB) (ARL)

**CERTICATE OF COMPLIANCE WITH WORD COUNT LIMIT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 17 2026 ★

LONG ISLAND OFFICE

---------------------------------------------------------------------------------x

Pursuant to the Local Civil Rule 7.1(c) and the Individual Rules of Judge Bulsara VI.E, the undersigned Plaintiff, pro se hereby certifies that this Memorandum of Law in Support of Order to Show Cause for Temporary Restraining Order and Preliminary Injunction, complies with the applicable word count limitation of 3500 words, as the total word count of the same is 3,457.

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

Dated: June 16, 2026

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

RECEIVED
JUN 17 2026
EDNY PRO SE OFFICE

---------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND INC., a.k.a. COMMUNITY DEVELOPMENT LONG ISLAND
SEVEN TIER, LP, a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants.

---------------------------------------------------------------x

Case No.: 26-cv-02371

MOTION K.L.T.

**~~ORDER TO SHOW CAUSE~~ FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 17 2026 ★
LONG ISLAND OFFICE

Upon the Affidavit of Plaintiff *pro se* Kyung L. Trotter, sworn to on June 16, 2026; the First Amended Complaint [ECF No. 11]; the Memorandum of Law in Support; the exhibits annexed thereto; and all prior pleadings, papers, and proceedings had herein;

## I. TEMPORARY RESTRAINING ORDER

**IT IS HEREBY ORDERED**, that pending a formal hearing on Plaintiff's application for a Preliminary Injunction, Defendants John Mangino and Thomas Zawyrucha, along with their agents, servants and employees, are **IMMEDIATELY RESTRAINED AND ENJOINED** from taking any operational steps to try, execute, enforce, advance, or otherwise carry out any

summary eviction, holdover writ of assistance, removal, or physical dispossess of Plaintiff Kyung L. Trotter from the subject premises located at 374 Donald Blvd, Holbrook, NY 11741, as such actions would result in immediate, catastrophic, and irreparable constitutional and physical injury to Plaintiff before a preliminary injunction hearing can be held.

**II. ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

**LET THE DEFENDANTS, JOHN MANGINO AND THOMAS ZAWYRUCHA, SHOW CAUSE** before this Court, before the Honorable Sanket J. Bulsara, United States District Judge for the Eastern District of New York, located at the United States Courthouse, 100 Federal Plaza, Central Islip, NY 11722, in Courtroom [______], on the _____ day of _____________, 2026, at _____ o'clock in the _____.m., or as soon thereafter as counsel may be heard, why a Preliminary Injunction Order

SO ORDERED.

Dated: ____________________________

__________________________________

HONORABLE JUDGE SANKET J. BULSARA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

KYUNG L. TROTTER,

Plaintiff,

- against -

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC., SEVEN TIER, L.P. also known as Craig Rubenstein, LESLIE BARRY, JOHN MANGINO, DELORES PHRANER, WILMA HAYES, THOMAS ZAWYRUCHA,

Defendants.

---------------------------------------------------------X

**CLERK'S CERTIFICATE OF DEFAULT**
CV 26-2371 (SJB)(ARL)

I, Brenna B. Mahoney, Clerk of Court for the United States District Court for the Eastern District of New York, do hereby certify that defendant, **JOHN MANGINO** has not filed an answer or otherwise moved with respect to the complaint, and that the time to answer or move has expired.

The default of defendant, **JOHN MANGINO** is hereby noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated: June 8, 2026
Central Islip, New York

BRENNA B. MAHONEY
CLERK OF THE COURT

BY: /S/ JAZMIN M. CUBANO
DEPUTY CLERK

Exhibit A

**SUFFOLK COUNTY DISTRICT COURT**
**3105 Veterans Memorial Hwy**
**Ronkonkoma, NY 11779**
**(631) 381-6005**

**Your new court date is** 6/18/26 **at** 2:00 **AM/PM**
**at District Court, 3105 Veterans Memorial Hwy, Ronkonkoma, NY 11779**
**(631) 381-6005**

**Su caso se aplazo para el ____________________ a las ______________ AM/PM**
**en District Court, 3105 Veterans Memorial Highway, Ronkonkoma, NY**
**11779 (631) 381-6005**

Exhibit 3

DC - 88 Order on Motion

Index No. LT-1852-25/IS

# DISTRICT COURT OF THE COUNTY OF SUFFOLK, FIFTH DISTRICT

**P R E S E N T:**

HON. STEPHEN L. UKEILEY
District Court Judge

Motion Date: April 2, 2026
**Seq. 2 and 3**

-----------------------------------------------x

JOHN MANGINO,

Petitioner,

-against-

KYUNG L. TROTTER,

Respondent.

-----------------------------------------------x

PLAINTIFF'S ATTORNEY:
Thomas Stephen Zawyrucha
15 Woodhollow Road
Box 477
Great River, New York 11739

DEFENDANT PRO SE:
Kyung L. Trotter
374 Donald Avenue
Holbrook, New York 11741

Upon the following papers numbered 1 to 5 read on this motion by respondents to cure and to dismiss Order to show cause and supporting affidavit 1-3 ; Other Affirmation in Opposition 4 ; Reply _; Exhibits 5 ; it is,

***ORDERED*** that respondent's motion sequence 3 to cure any irregularities in motion sequence 2 is granted, and respondent's motion sequence 2 to dismiss the petition is denied.

This is a holdover proceeding involving premises known as 374 Donald Boulevard in Holbrook, New York. Respondent moves to dismiss the petition against him arguing, among other things, that petitioner has failed to state a claim, that the court lacks jurisdiction and that the predicate notice is defective.

Petitioner has stated a viable claim and the material issues of disputed fact necessitate a trial on the merits. Accordingly, respondent's motion to dismiss the action is denied, and the proceeding shall be scheduled for a conference on the next court date.

New Court Date: May 21, 2026

Dated: Ronkonkoma, New York
April 15, 2026

HON. STEPHEN L. UKEILEY, J.D.C.

**ENTERED**
APR 17 2026

**MAILED**
APR 20 2026

Exhibit C

# RE: No Hot Water

From: Delores Phraner (dphraner@cdcli.org)

To: trotter.kyung@yahoo.com

Date: Tuesday, September 23, 2025 at 11:09 AM EDT

Good Morning,

This is a reminder that Housing Assistance Payments (HAP) will continue as long as the participant remains in the unit. However, if an eviction process is initiated, a hold will be placed on the HAP payments at that time.

CDLI strongly encourages all participants to continue paying their portion of the rent, regardless of any issues or disputes that may arise with the landlord. It is important to stay current with your rent obligations to maintain your participation in the Section 8 program.

Please note: if an eviction is filed that includes rent arrears, this may result in automatic termination from the Section 8 program.

Thank you for your attention to this matter. If you have any questions or need assistance, please feel free to contact our office.

Best regards,

Community Development Long Island
Home. Health. Opportunity.

**Delores Phraner**
Housing Specialist | Rental Assistance
**Community Development Long Island**
Phone: (631)-648-5088| (631) 471-1215 Ext: 3050
|dphraner@cdcli.org | www.cdli.org
Fax: (631)214-2734
1660 Walt Whitman Road, Suite 130
Melville, NY 11747

To schedule a meeting with me please click the link:
https://calendly.com/dphraner-cdcli/30min

Exhibit D

835

J

John ›

I got it thank you

Sat, Nov 1 at 13:48

Good afternoon Kyung. This is your final payment. after November 30. I cannot accept any more money from you. Your lease will be expired and you must vacate. Please make arrangements to find another place to live. I'm sorry for any inconvenience.
John M
Landlord

Exhibit E

iMessage

# John Mangino paid you $714.00

From: Venmo (venmo@venmo.com)

To: trotter.kyung@yahoo.com

Date: Wednesday, December 17, 2025 at 12:08 PM EST

venmo



John Mangino paid you

$714.00

Returning Kyung Trotter's rent for December. Can't except payment not accept at this time!

See transaction

Money credited to your Venmo account.

Transaction details

**Date**

Dec 17, 2025

**Transaction ID**

4489778273036167744

6. Pursuant to said written lease agreement(s) there was due to the landlord from respondent tenant(s) portion of rent as follows

Dec 1st, 2025 $ 714.00

for a grand total of either rent and/or use & occupancy in the sum of **$ 714.00**; Respondents have defaulted in the payments thereof and the ***total of rent*** and/or ***fair use & occupancy*** in arrears is **$ 714.00**; ***This petition may be amended to add additional unpaid rents accruing since prior notices were served, representing unpaid rents from August 1st, 2025, and beyond, if and where applicable.***

7. The Premises are not subject to any Rent Controls or the Emergency Tenant Protection Act of 1974, as amended (ETPA), by reason of the fact that the building in which the Premises are located is in a community which has not adopted the ETPA.

8. Petitioner(s) lack information or notice of any address where the respondent(s) reside or are employed or have a place of business or principal office in the State of New York other than the address of the Premises sought to be recovered.

**WHEREFORE**, Petitioner(s) request final judgment : awarding possession of the Premises to the Petitioner(s)/Landlord(s); and the issuance of a warrant to remove respondent(s) from possession of the Premises; and a judgment for rent & fair Use & Occupancy in arrears against Respondent(s) tenant(s) for **$ 714.00**; and a judgment of at least **$ 1,500.00** for the attorney's fees of the petitioner(s); and the costs and disbursements of this proceeding.

Dated : Thurs., December 4th, 2025
Great River, New York 11739

x [signature]

**MR. JOHN MANGINO, Petitioner**
**by: Thomas S. Zawyrucha,**
**Esq., Attorney-at-Law,**
**15 Woodhollow Road Box 477**
**Great River, N.Y. 11739;**
**Telephone No. 631.277.3435**
**Telephone No. 631.948.5731**

Exhibit F