John Mangino
9 Heather Crescent
Commack, N.Y. 11725
—
Email: jmm300@aol.com
(631) 697-5683

*** Filed ***
11:40 PM, 18 Jun, 2026
U.S.D.C., Eastern District of New York

June 18, 2026

Judge Sankit J. Bulsara
United States District Court
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, N.Y. 11722-4451

RECEIVED
June 22, 2026
PRO SE OFFICE

**Re: Kyung L. Trotter v. Community Development of Long Island, et al.**
**No.: 26-CV- 02371**

Dear Judge Bulsara,

I am John Mangino, one of the defendants in the above reference lawsuit. I am tendering this letter on my own behalf to address a means for me to get time to retain an attorney and appear in this lawsuit, or alternatively for a date certain in which I must file an Answer with or without an attorney.

To be brief, I did receive a copy of the First Amended Complaint that was left on my door stoop approximately May 9, 2026. I am aware that since this was dropped off when no one was home, that a separate mailing was required, which I never received. I understand that under New York law this method of service (known as "Nail & Mail") is deemed complete 10 days after the Affidavit of Service is filed in the court. An Affidavit of Service was filed on May 19, 2026. Therefore, if I applied the 21 days mentioned under Federal Law to the date service was deemed complete, that brings my time to Answer or make a motion to June 19, 2026.

As of this date I have not been able to make arrangements to have an attorney represent me in this case. The attorney that represented me in the underlying eviction case is also a defendant in this lawsuit, therefore I need another attorney. Since June 19th was approaching fast, on June 16th I wrote an email to the plaintiff requesting her consent for me to tender an answer within 15 days of the Answer of the primary defendant, defendant Community Development of Long Island. (see copy of email attached) I have not received a response from the plaintiff to my request, therefore this letter is submitted without her consent.

As I was trying to figure out how to address this matter, I contacted the pro se department of the court. I was informed by a very nice and helpful young lady that a Certificate of Default was entered by the Clerk. Accordingly, if that is accurate and correct, then my calculations regarding when the Answer or motion was due would be in error.

Therefore, I believe that if I have defaulted in answering timely, I need to request permission to tender an Answer and defend this proceeding. I have always intended to defend against the allegations in this Complaint as they are completely without merit. I am the landlord of the plaintiff, a tenant who resides with her two adult children in an apartment I own. For very good reason, which is beyond the scope of this letter at the moment, at the end of her lease I wanted her to leave. She would not. I have diligently complied with all my obligations under the CDCLI, and all requirements under the law to commence eviction proceedings. The plaintiff, Ms. Trotter has fully engaged in opposing all proceedings and if and when she is evicted, it will be after I have fully followed the law and obtained a lawful order from the local court. Her complaint in this action is accusing me of somehow conspiring to make the rules of the CDCLI which I was required to follow. If I am successful at evicting her, it will be under the purview of a Court Order determining that an eviction was warranted and in compliance with all laws. As such, I have very good defenses to the plaintiff's complaint and I look forward to asserting them.

I would also note, that as of this date, I have good reason to believe the primary defendant, Community Development of Long Island, has not even been served. Therefore, I do not believe they have tendered an Answer or a motion. It is my belief that they may seek to tender a pre-Answer motion to dismiss this action, which I believe will be granted. That would dispose of this action. It is for this reason I am requesting that if I am given additional time to Answer that it be permitted 15 days after the defendant, Community Development of Long Island tenders their Answer. Of course I would abide by any shorter period the Court deems appropriate.

If this Court will permit me to tender an Answer, I would do so and waive jurisdictional defenses based upon Service of Process. Alternatively, it is noteworthy that I found a copy of a First Amended Complaint lying on the ground outside my front door. It was not affixed to the door in any fashion, nor was there tape, rope, rubber bands or anything else indicating it may have been affixed and fallen off. Nor was there ever any mailing as nothing was received or delivered to my home. I understand that these are significant defects of service that if accurate, make the service of process completely void under the law.

Finally, as it is a very early stage in this litigation, I note that no party to this lawsuit will suffer any prejudice by granting the relief I have requested.

Accordingly, I request the following:

> That if I am in default that the Clerk's Certificate of Default be withdrawn.
>
> That I be afforded up to 15 days after the defendant Community Development of Long Island tenders their Answer, or, such other time as this Court Directs.
>
> That I be afforded a reasonable period of time to obtain an attorney so that I could avoid tendering an Answer pro se, and otherwise have the assistance of counsel in this lawsuit.

I certify this document contains 1018 words.

I certify under penalty of perjury that the foregoing is true and correct.

John Mangino
Defendant pro se
9 Heather Crescent
Commack, N.Y. 11725
jmm300@aol.com
(631) 697-5683

To: Via First Class Mail
Kyung L. Trotter
Community Development Center of Long Island
Delores Phraner
Leslie Barry
Anthony R. Filosa, Esq.
Thomas Zwayrucha

# Federal Court

From: John Mangino (jmm300@aol.com)

To: trotter.kyung@yahoo.com

Date: Tuesday, June 16, 2026 at 08:26 PM EDT

Hi Kyung,
In the federal court action, I respectfully request your consent to permit me to serve and file an Answer to the Complaint within fifteen (15) days after CDCLI serves and files its Answer.
Please let me know whether you consent to this request.
I intend to make an application to the Court, which will also constitute a voluntary appearance in the action.
Thank you for your consideration.

Sincerely,
John Mangino

Affirmation of Mailing

I John Mangino Certify under the penalties of perjury that on June 18, 2026, I sent a copy of the above letter seeking an extension of time, etc. dated June 18, 2026, with exhibit, by first class mail, deposited in an official postal box to each of the following as addressed below:

Kyung L. Trotter
374 Donald Boulevard
Holbrook, NY 11741

Community Development Center of Long Island
1600 Walt Whitman Road, Ste. 130
Melville, NY  11747

Delores Phraner
1600 Walt Whitman Road, Ste. 130
Melville, NY  11747

Leslie Barry
1600 Walt Whitman Road, Ste. 130
Melville, NY  11747

Anthony R. Filosa, Esq.
Attorney for Seven Tier
666 Old Country Road, Ste. 810
Garden City, NY 11530

Thomas Zwayrucha
15 Woodhollow Road, Box 427
Great River, NY 11739

I certify under penalty of perjury that the foregoing is true and correct.

John Mangino

John Mangino