FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 08 2026 ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

---------------------------------------------------------------------------------x

Case No.: 26-cv-02371 (SJB)(ARL)

**MEMORANDUM IN RESPONSE TO MOTION TO VACATE ENTRY OF DEFAULT**

JUL 8 '26 PM12:42
REC'D IN PRO SE OFFICE

Plaintiff Kyung L. Trotter, pro se, respectfully submits this Memorandum in response to Defendant John Mangino's Motion to Vacate dated June 18, 2026 [Doc. 33].

**PRELIMINARY STATEMENT**

While the Court has liberally construed Defendant Mangino's (Mangino) June 18, 2026 letter as a standard Motion to Vacate the entry of default, an analysis of the filing reveals it seeks to achieve much more than that. Mangino's letter is a procedurally non-compliant hybrid of four distinct actions: (1) a purported Rule 55(c) application; (2) an offer to the Court to waive a purported Rule 12(b)(5) challenge in exchange for a Rule 6(b) extension of time; (3) a deceptive Rule 6(b) for an extension of time to find an attorney, when in actuality Mangino would like to appear 15 days after CDCLI appears; and (4) a substantive Answer on the merits in violation of Rule 8.

Pro se status warrants liberal construction, but it does not authorize manipulation of procedural rules or tactical ambiguity to secure a position that is the most advantageous. In Defendant Mangino's filing, he claims that service was defective, as well as complete, so he needs time to answer. If the Court will grant him an extension to answer, he will waive his purported challenge to service, that he also agrees is complete. If the Court does not grant him an extension, then the service is completely void. He claims without explicitly stating that he is not in default, but if he is, again, he needs an extension of time to answer. Mangino claims that he needs this time to find an attorney but also admits that he would really just like to wait until 15 days after CDCLI files. In addition to this attempt to secure the most procedurally convenient and advantageous position possible, without a commitment to an official appearance, he has failed to comply with the rules for anything that he has asked for but wishes to benefit from his assertions all the same.

Defendant Mangino should not receive any additional time as a reward for these kinds of crafty tactics. If the filing is construed liberally as a motion to set aside, it should be denied. In the alternative, Mangino's June 18th submitted papers should be treated as a voluntary appearance and timely answer that waives service-of-process or any other Rule 12 objection, and his request for an extension should be denied.

## ARGUMENT

### I. Defendant Mangino's Equivocal, Conclusory Submission Fails to Establish Good Cause Under Rule 55(c)

Defendant Mangino has not definitively contended that he actually has a default entered against him. In one breath Mangino wishes to argue that he is not in default, as he states: "I

understand that under New York law this method of service (known as "Nail & Mail") is deemed complete 10 days after the Affidavit of Service is filed in the court. An Affidavit of Service was filed on May 19, 2026. Therefore, if I applied the 21 days mentioned under Federal Law to the date service was deemed complete, that brings my time to Answer or make a motion to June 19, 2026." [DE 33] Pg. 1.

In the next breath he is willing to concede that he is in default- if it will get him an extension to answer: " I was informed by a very nice and helpful young lady that a Certificate of Default was entered by the Clerk. Accordingly, '*if* that is accurate and correct', then my calculations regarding when the Answer or motion was due would be in error. Therefore, I believe that *if* I have defaulted in answering timely, I need to request permission to tender an Answer and defend this proceeding." [DE 33] Pg. 2. In other words, he is certain that he is in default if it will set the entry aside, but he is uncertain if it will get him an extension to answer. Either Defendant Mangino definitively concedes to the entry of default on the record, or he does not. Mangino cannot claim that he is not sure if an entry of default is in fact on the record, as he admits that a "young lady" in the Pro Se Office clearly told him that there was. Either way, the correct procedural vehicle is not a request for an extension; it is a motion to set the default aside.

A party who wishes to set aside an entry of default must show three things: (1) the default was not willful; (2) that setting aside the default would not prejudice his adversary; and (3) that he has a meritorious defense. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2nd Cir. 1993). Plaintiff served Mangino with a notice of her request for an entry of default. See the Certificate of Service at [DE 25], Pg. 6. Mangino took no steps whatsoever to appear and argue the exact same contention he has made as quoted above. Instead, he willfully allowed it to be entered,

without defending himself because he was focused on completing his eviction of the Plaintiff from her home, without due process.

As for whether setting aside the default will prejudice the Plaintiff, Mangino isn't requesting that the entry be set aside simply so he can answer right away. He is asking the Court to set the default aside and extend his time to answer, 15 days after CDCLI appears and files its submission. An open-ended extension or one to wait out the clock to see if CDCLI can "dispose of this action", is a tactical stall that would cause severe prejudice to the Plaintiff. [DE 33], Pg. 3

In contending a meritorious defense, the party must present some evidence beyond conclusory denials. *Id.* at 98. Defendant Mangino's denials are conclusory. One he merely asserts that:

- "the allegations in this Complaint... are completely without merit".
- "I have diligently complied with all my obligations under the CDCLI, and all requirements under the law to commence eviction proceedings."
- "I have very good defenses to the plaintiff's complaint..." [DE 33] Pg. 2.

These assertions are completely conclusory.

In that Defendant Mangino failed to show that allowing the default to be entered was not only willful, but strategic, that the Plaintiff would not be prejudiced by a customized extension, and failed to present a meritorious defense, his conditional, equivocal, purported request to set aside the entry of default, should be denied. In the alternative, Mangino's appearance should be deemed voluntary and his hybrid submission a timely answer, waiving or forfeiting any Rule 12 challenges.

**II. Defendant Mangino Explicitly and Implicitly Submitted to the Court's Jurisdiction**

**A. <u>Mangino Explicitly Waived a Service and Personal Jurisdiction Defense</u>**

Personal jurisdiction, unlike subject-matter jurisdiction, can be purposely waived or inadvertently forfeited. *The City of N.Y. v. Mickalis Pawn Shop Llc*, 645 F.3d 114, 133-134 (2nd Cir. 2011). Waiver is the intentional relinquishment of a known right. *United States v. Olano*, 507 U.S. 725, 733 (1993). *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). *Hamilton v. Atlas Turner*, 197 F.3d 58, 61 (2nd Cir. 1999).

Defendant Mangino explicitly states that his filing is a "voluntary appearance." : "I intend to make an application to the Court, which will also constitute a voluntary appearance in the action." [DE 33] Pg. 5. Defendant Mangino also states: "I understand that these are significant defects of service that if accurate, make the service of process completely void under the law." [DE 33] Pg. 3. With these statements, Mangino relinquished his right to challenge service, with full knowledge and admitted full intent to voluntarily appear.

**B. <u>Defendant Mangino's Has Given Implied Consent to the Court's Jurisdiction</u>**

Under Fed. R. Civ. P. 12(h)(1) a party waives any defense listed in Rule 12(b)(2)-(5) by failing to either make it by motion or include it in a responsive pleading. Rule 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction ... or service of process. If he wishes to raise [either] of these defenses he must do so at the time he makes his first significant defensive move...." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 730 (2nd Cir. 1998). In addition, "[t]he actions of the defendant may amount to a legal submission to the jurisdiction of the court, whether voluntary or not." *Id.* at 731 (2nd Cir. 1998).

Defendant Mangino has implicitly waived his right to challenge service or personal jurisdiction. Mangino stated:

> … "it is noteworthy that I found a copy of a First Amended Complaint lying on the ground outside my front door. It was not affixed to the door in any fashion, nor was there tape, rope, rubber bands or anything else indicating it may have been affixed and fallen off. Nor was there ever any mailing as nothing was received or delivered to my home. I understand that these are significant defects of service that if accurate, make the service of process completely void under the law." [DE 33] Pg. 3.

However, he does not explicitly or definitely challenge service or personal jurisdiction. Instead, he attempts to use this alleged Rule 12(b)(5) challenge as a bargaining tool, to extract a customized, highly advantageous extension to answer. He offers the Court: "If this Court will permit me to tender an Answer, I would do so and waive jurisdictional defenses based upon Service of Process." Mangino may not preserve a purported Rule 12 challenge as a conditional threat while simultaneously seeking affirmative relief under Rule 6(b). In that Mangino failed to raise this alleged defense and instead sought affirmative relief by an impermissible means, Mangino has implicitly waived his defense and submitted to the Court's jurisdiction.

**1. <u>Defendant Mangino Admits That His Intent and Goal is to Fight the Plaintiff's Allegations Not Jurisdiction</u>**

Along with this tactic, his other actions also point in the direction of his submission to the jurisdiction of the Court. Mangino explicitly states: "I have always intended to defend against the allegations in this Complaint..." [DE 33] Pg 2.

**2. <u>Defendant Mangino is Answering While Circumventing Fed. R. Civ. P. 8</u>**

While Mangino's intention was always to appear and defend against the complaint, if the Court does not accept his offer, he still would like to present his hybrid submission as an answer, just without the burden of complying with Rule 8. Pursuant to Fed. R. Civ. P. 8 (b)(1) in responding to a pleading, a party must:(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing

party. Fed. R. Civ. P. 8 (b)(2) also states: a denial must fairly respond to the substance of the allegation. Defendant Mangino, without complying with this rule, asserts that:

- "the allegations in this Complaint... are completely without merit".
- "I have diligently complied with all my obligations under the CDCLI, and all requirements under the law to commence eviction proceedings."
- "... if and when [the Plaintiff] is evicted, it will be after I have fully followed the law and obtained a lawful order from the local court."
- "Her complaint in this action is accusing me of somehow conspiring to make the rules of the CDCLI which I was required to follow."
- "If I am successful at evicting [the Plaintiff], it will be under the purview of a Court Order determining that an eviction was warranted and in compliance with all laws." [DE 33] Pg 2.

These contentions are denials without having to file a separate, compliant answer. Defendant Mangino should not be allowed to circumvent Rule 8, while still answering and simultaneously waiting to file a compliant answer, after CDCLI files whatever it may choose to.

In addition, as of June 23, the State Court determined that Mangino failed to serve proper notice to the Plaintiff, alleging good cause before he filed his eviction petition, as mandated in 42 U.S.C. §1437f and 24 CFR §982.310, just as she asserted in her complaint. Accordingly, the Court dismissed Mangino's eviction. Thus, the only thing that Mangino followed was CDCLI's custom or policy which strips Section 8 tenants of written leases and paved the way for him to file without notice or averring any good cause is his petition.

3. **Defendant Mangino Seeks Affirmative Relief in the Form of an Extension of Time to Answer**

Mangino states: "I am tendering this letter on my own behalf to address a means for me to get time to retain an attorney and appear in this lawsuit, or alternatively for a date certain in which I must file an Answer with or without an attorney." [DE 33] Pg. 1. He also later admits that his true goal is to obtain an extension until 15 days after CDCLI appears and submits its papers: "It is my belief that [CDCLI] may seek to tender a pre-Answer motion to dismiss this action, which I believe will be granted. That would dispose of this action. It is for this reason I am requesting that if I am given additional time to Answer that it be permitted 15 days after the defendant, Community Development of Long Island tenders their Answer." Not only do these conflicting reasons further support his submission to the Court's jurisdiction, they speak to his credibility.

In admitting that his true goal is to fight the Plaintiff's allegations, embedding a noncompliant Answer into his hybrid submission and requesting an extension to answer, Defendant Mangino's conduct shows that he has impliedly submitted to the Court's jurisdiction, and as such implicitly waived any challenges to service or personal jurisdiction.

**III. Service Upon Defendant Mangino Was Sufficient**

A process server's averment in the affidavit of service that service was accomplished by mailing a copy of process to the defendant at his address establishes, *prima facie*, the propriety of service pursuant to CPLR §308. The Plaintiff filed her Certificate of Service, affirmed under penalty of perjury by her process server, that he mailed a copy to Mangino at his home address

on May 19, 2026. [DE 17] Pg. 1. Such establishes the *prima facie* propriety of the service pursuant to CPLR §308.

The defendant's hypothetical challenge if the Court doesn't accept his offer, to service on the ground that the mailing did not actually occur, with only a conclusory averment that he did not receive the mailed copy, is insufficient to overcome the presumption of proper service that the process server's affidavit raises. See *Nationstar Mortgage, LLC v. Kamil*, 2017, 155 A.D.3d 966, 64 N.Y.S.3d 116 (2d Dep't). [DE 33] Pg. 1. Thus, Defendant Mangino was properly served with the complaint.

In addition, Mangino himself agrees that "service was deemed complete" and even calculates his time to answer on the same page. [DE 33] Pg. 1. Thus, any challenge to service or personal jurisdiction should be flatly denied.

## IV. Defendant Mangino Has Not Shown Good Cause for Extension to Answer or Complied With the Court's Rule

Under Fed. R. Civ. P. 12 (1)(A)(i) A defendant must serve an answer within 21 days after being served with the summons and complaint. Plaintiff served Defendant Mangino pursuant to Fed. R. Civ. P. 4(e)(1), which allows a Plaintiff to serve a summons pursuant to New York State law. Defendant Mangino admitted that he indeed received the copy of the summons which was affixed to his door. He then thoroughly demonstrated his understanding of said rules, thus his time to answer where he states: "I understand that under New York law this method of service (known as "Nail & Mail") is deemed complete 10 days after the Affidavit of Service is filed in the court. An Affidavit of Service was filed on May 19, 2026. [DE 33] Pg. 1, Therefore, if I

applied the 21 days mentioned under Federal Law to the date service was deemed complete, that brings my time to Answer or make a motion to June 19, 2026."

Fed. R. Civ. P. 6(b)(1)(A) states: when an act may or must be done within a specified time, the court may, for good cause, extend the time if a request is made, before the original time or its extension expires. Generally, an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party. *Rankin v. City of Niagara Falls,* 293 F.R.D. 375, 390 (W.D.N.Y. 2013). *Mil-Spec Indus. Corp. v. Precision Ammunition,* LLC, 14-CV-7099, 9 (JS)(SIL) (E.D. N.Y. Aug 16, 2017). Defendant Mangino made a tactical decision to withhold a responsive pleading because he prefers to tie his statutory deadlines to an unserved co-defendant. At the same time he claimed to need time to find an attorney, when in actuality he would simply like to wait until 15 days after CDCLI appears. A defendant asserting contradictory reasons to the Court, so he can wait to see if a codefendant will alleviate his need to answer at all is certainly not good faith. In that Defendant Mangino has acted in bad faith, thus failed to show good cause for an extension, his request for should be denied.

In addition, while Rule 6 merely requires the request to be before the deadline, under Judge Bulsara's Rule VI.H., extensions must: be made in writing and absent an emergency, at least 48 hours prior to the filing deadline, state the original deadline and proposed new deadline. Mangino filed his request for an extension to answer on June 18, one day before his 21 days to answer would expire, asserting no emergency. He also proposed no new deadline, only asking for a "date certain", or 15 days after CDCLI files its submission. [DE 33] Pg. 1 and Pg. 3, respectively. In that Mangino failed to request an extension within 48 hours of his due date and proposes no new deadline, his request for an extension to answer should be denied.

**Conclusion**

For the foregoing reasons Plaintiff respectfully request that the Court:

1. deny the Mangino's request to set the entry of default aside;

2. in the alternative, deem Defendant's June 18 filing a voluntary appearance and timely answer;

3. deem any objection to service of process, process, or personal jurisdiction waived;

4. deny any request for an open-ended extension or any deadline tied to CDCLI's anticipated answer or motion practice;

5. deny Mangino any ability to use the June 18 filing as both a request for affirmative relief and a fallback Rule 12(b)(5) challenge.

**DECLARATION**

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on July 8, 2026

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

---------------------------------------------------------------------------------x

Case No.: 26-cv-02371 (SJB) (ARL)

**CERTICATE OF COMPLIANCE WITH WORD COUNT LIMIT**

Pursuant to the Local Civil Rule 7.1(c) and the Individual Rules of Judge Bulsara VI.E, the undersigned Plaintiff, pro se hereby certifies that this Memorandum in Response to Motion to Vacate Entry of Default complies with the applicable word count limitation of 3500 words, as the total word count of the same is 3,179.

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com