FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 13 2026 ★
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

---------------------------------------------------------------------------------x

Case No.: 26-cv-02371 (SJB) (ARL)

**PLAINTIFF'S RULE 72(a) OBJECTIONS TO ORDER VACATING DEFAULT AND GRANTING EXTENSION OF TIME**

RECEIVED
JUL 13 2026
EDNY PRO SE OFFICE

Plaintiff Kyung L. Trotter, pro se, pursuant to Federal Rule of Civil Procedure 72(a), respectfully submits this Memorandum in support of her objections to the Magistrate Judge's order vacating Defendant Mangino's default and granting him an extension of time to respond to the Amended Complaint.

## PRELIMINARY STATEMENT

Plaintiff objects to the Magistrate Judge's docket-only order entered on July 10, 2026. The order set aside the Clerk's Entry of Default against Defendant Mangino and granted him until August 7, 2026, to "respond" to the Amended Complaint.

The order is clearly erroneous and contrary to law because it bypassed the mandatory legal framework governing vacatur of defaults under Rule 55(c) and enlargement of time under Rule 6. The order granted Defendant Mangino substantial

JUL 13 '26 PM12:28
REC'D IN PRO SE OFFICE

relief without applying the required factors, without resolving the service and jurisdiction issues Mangino referenced conditionally as leverage for an extension rather than properly presenting by Rule 12 motion, without addressing Plaintiff's written opposition, and without explaining why Mangino should receive the aligned response schedule he requested in order to coordinate his defense with the institutional defendants.

Plaintiff does not contend that defaults may never be set aside. Rather, Plaintiff objects that the Court granted vacatur and an extension through a summary docket-only order that did not perform the analysis required by the Federal Rules and controlling Second Circuit precedent. The defect is not merely that Plaintiff disagrees with the outcome. The defect is that the order does not show that the governing standards were adjudicated at all.

This matters because Defendant Mangino did not merely allow the entry of default to occur, without appearing and contesting it. The record shows tactical nonparticipation. Mangino ignored this federal action and Plaintiff's emergency request for injunctive relief while pursuing the same deprivation she claimed in her complaint, in state eviction proceedings. After Mangino lost the eviction proceeding, he did not file a Rule 12 motion, did not answer, and did not squarely move under Rule 55(c). Instead, he submitted a hybrid letter claiming he still had time to respond, while conditionally bargaining that if the Court treated him as in default, the default should be withdrawn and his response deadline aligned with CDCLI's anticipated motion practice.

Granting that relief by docket-only order, without applying Rule 55(c), Rule 6(b), the Enron factors, or Plaintiff's opposition, rewards strategic nonparticipation and

materially alters the litigation posture in Mangino's favor. Because the order does not contain the necessary findings and because the record does not support the relief granted, the order should be vacated or modified.

## STATUTORY AND PROCEDURAL BACKGROUND

1. On June 8, 2026, the Clerk of the Court entered a default against Defendant Mangino pursuant to Federal Rule of Civil Procedure 55(a).
2. On June 18, 2026, Defendant Mangino filed a non-compliant letter that did not explicitly or definitively move to set aside the default. Instead, he offered to waive his purported Rule 12(b)(5) defense in exchange for an extension of time.
3. Mangino claimed that he needed the extension to find an attorney. He also requested a synchronized schedule to align his responsive pleading with the corporate co-defendant, CDCLI.
4. Mangino further stated that he believed CDCLI might file a pre-answer motion to dismiss that would dispose of the action, and that he sought to tie his response deadline to CDCLI's future filing schedule for that reason.
5. Plaintiff opposed Mangino's request. On July 8, 2026, Plaintiff filed a detailed opposition demonstrating that Mangino's default was willful, that he failed to assert any meritorious defense, and that Plaintiff would suffer extreme tactical prejudice from further delay.
6. Plaintiff's opposition also identified the bad-faith character of Mangino's request: he ignored the federal action while pursuing the eviction proceeding, then finally arrived in federal court after the state eviction case failed to produce the result he anticipated,

seeking an extension that would permit him to coordinate with another defendant rather than accept the consequences of his litigation quchoices.

7. On July 10, 2026, the Magistrate Judge issued a docket-only order stating in its entirety:

> Over the plaintiffs objection, the defendant John Manginos motion to vacate the Clerks Entry of a Default is granted. Under Rule 55(c), the Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). Because defaults are generally disfavored and good cause under Rule 55(c) is construed generously, the undersigned finds that good cause exists in this case to vacate the entry of default and warrants allowing Mangino the opportunity to respond to the amended complaint. Mangino is directed to respond to the amended complaint on or before August 7, 2026.

8. The order contained no legal analysis, did not apply Federal Rules of Civil Procedure 55(c) or 6(b), and did not address the arguments raised in Plaintiff's opposition.

## ARGUMENT

### I. The Magistrate Judge Committed Clear Error of Law by Extending Defendant Mangino's Time to Respond Without Resolving the Jurisdictional Consequences of His Conditional Service References

Personal jurisdiction is an absolute prerequisite for a federal court to issue binding orders on a party. If service was invalid, the Court was required to address the consequences of invalid service. If service was valid, Mangino was in default and could not obtain vacatur and a new response deadline without satisfying Rule 55(c).

Mangino did not file a Rule 12 motion. He did not explicitly seek dismissal, quashing of service, or a threshold ruling on personal jurisdiction. Instead, he referenced alleged service defects conditionally and used those references as leverage for an

extension. The Magistrate Judge's order granted him affirmative procedural relief without deciding whether those conditional references had any legal effect.

The order did neither of the things required by the posture Mangino created. It did not resolve service or personal jurisdiction. It did not determine that Mangino had properly preserved any Rule 12 defense. It did not find that service was valid and then apply Rule 55(c). By granting affirmative relief without first identifying the lawful basis for doing so, the order is contrary to law.

**II. The Magistrate Judge Failed to Apply the Mandatory Rule 55(c) Factors**

Under settled Second Circuit precedent, good cause under Rule 55(c) requires consideration of: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) prejudice to the non-defaulting party. The Second Circuit has made clear that the record must reflect a reasoned application of these equitable factors. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96–97 (2d Cir. 1993).

The Magistrate Judge acknowledged that relief was granted "over the plaintiff's objection," but gave no explanation for overruling that objection. The order contains no findings regarding willfulness. It does not explain why Mangino's failure to answer was not deliberate, despite his own statements showing that he had notice, calculated his response deadline, and sought to delay his response in order to coordinate with CDCLI.

The order contains no finding that Mangino presented a meritorious defense. It identifies no proposed answer, factual defense, legal defense, or non-conclusory basis on which Mangino could satisfy the meritorious defense requirement.

The order also contains no prejudice analysis. It does not address Plaintiff's argument that Mangino sought the precise tactical alignment that would prejudice Plaintiff by allowing a defendant against whom default had already been entered under Rule 55(a) to coordinate with institutional defendants and delay the progress of the case.

By granting Rule 55(c) relief without applying the required factors, the order is contrary to law.

**III. The Order Rewarded Tactical Nonparticipation and Altered the Litigation Posture Without Adjudicating Plaintiff's Opposition**

This case does not involve a defendant who promptly appeared, admitted neglect, and sought ordinary leave to defend on the merits. Mangino made a litigation choice. He ignored the federal action while pursuing the eviction proceeding that Plaintiff's federal civil-rights case challenged. When that eviction proceeding did not produce the result Mangino anticipated, he then appeared in federal court through a hybrid letter, seeking an extension tied to another defendant's anticipated motion practice.

That sequence was directly relevant to willfulness, bad faith, prejudice, and good cause. Plaintiff placed those issues before the Court. The Magistrate Judge's order did not address them.

The prejudice to Plaintiff is procedural as well as tactical. The challenged order erased the consequences of Mangino's conscience litigation choices, allowed him to avoid answering, and gave him time to align with a co-defendant's anticipated Rule 12 strategy after he chose not to participate earlier. A defendant against whom default had been entered under Rule 55(a), should not be permitted to wait out parallel proceedings,

arrive only after those proceedings fail to achieve the expected result, and then obtain an aligned response schedule without a reasoned finding of good cause.

The issue is not that Plaintiff seeks a default as punishment. The issue is that the Federal Rules create consequences for failing to plead or otherwise defend, and those consequences cannot be vacated by an unreasoned docket entry that does not adjudicate the governing factors or Plaintiff's opposition.

## IV. The Magistrate Judge Improperly Rewrote the Response Schedule to Accommodate Defendant's Strategy

Standard practice in this Circuit dictates that when a default is lifted, the defendant is returned to the ordinary federal response framework. Here, the Magistrate Judge did not merely restore Mangino to the ordinary position of a defendant required to answer promptly. Instead, the Court granted a four-week grace period and used the broad term "respond," rather than directing Mangino to file a factual answer under Rule 8.

That relief materially advanced Mangino's stated strategy. It permits a defendant against whom default had already been entered under Rule 55(a), to avoid an immediate paragraph-by-paragraph admission or denial, delay the progress of the case, and potentially file a joint or aligned Rule 12(b)(6) motion with CDCLI's corporate counsel on August 7, 2026. Rewriting federal scheduling boundaries through a summary docket entry to accommodate the strategic alignment of a party, against whom default had already been entered under Rule 55(a) is clearly erroneous.

**V. The Extension Was Improper Under Rule 6(b) Because Good Cause, Bad Faith, Prejudice, and the Court's Individual Rule Were Not Adjudicated**

Under Federal Rule of Civil Procedure 6(b)(1)(A), a court may extend a deadline for good cause if a request is made before the original time expires. An application for enlargement of time normally will be granted only in the absence of bad faith by the movant or prejudice to the opposing party. *Rankin v. City of Niagara Falls*, 293 F.R.D. 375, 390 (W.D.N.Y. 2013); *Mil-Spec Indus. Corp. v. Precision Ammunition, LLC*, No. 14-CV-7099 at 9 (E.D.N.Y. Aug. 16, 2017).

A party seeking an extension must also comply with the Court's Individual Rules. Under Judge Bulsara's Individual Rule VI.H, any request for an extension of time must be made in writing, absent an emergency must be filed at least 48 hours before the filing deadline, and must explicitly state the original deadline and proposed new deadline.

Mangino failed to satisfy these requirements. He filed his request only one day before his asserted response deadline, identified no emergency, and requested an indefinite floating deadline linked to CDCLI's future filings. Although he claimed he needed time to retain counsel, the relief he requested reveals a different objective: to delay participation until after CDCLI appeared and to align his response with CDCLI's anticipated motion practice.

The Magistrate Judge granted the extension without addressing bad faith, prejudice, Rule 6(b) good cause, or noncompliance with Individual Rule VI.H. That was contrary to law.

**VI. Mangino Failed to Raise a Proper Rule 12 Defense and Instead Sought Affirmative Relief, Waiving Any Service-Based Objection**

Under Fed. R. Civ. P. 12(h)(1), a party waives any defense listed in Rule 12(b)(2)–(5) by failing to make it by motion or include it in a responsive pleading. Rule 12(h)(1) requires diligence in challenging personal jurisdiction or service of process. *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 730 (2d Cir. 1998).

Mangino did not file a Rule 12 motion. He did not move under Rule 12(b)(2), Rule 12(b)(4), or Rule 12(b)(5). Nor did he file a responsive pleading preserving those defenses. Instead, his first significant defensive move was a hybrid application seeking affirmative relief: withdrawal of the Clerk's Entry of Default, additional time to answer, time to retain counsel, and a customized response deadline tied to co-defendant CDCLI.

Mangino's own filing confirms the conditional and tactical nature of his position. He stated that he found a copy of the First Amended Complaint outside his door and believed there were service defects, but he did not move to dismiss or quash service. Instead, he offered: "If this Court will permit me to tender an Answer, I would do so and waive jurisdictional defenses based upon Service of Process." [DE 33] Pg. 3. That was not a Rule 12 motion. It was a conditional offer to trade a purported service objection for leave to answer on his preferred schedule.

Mangino also characterized his application as a voluntary appearance, writing: "I intend to make an application to the Court, which will also constitute a voluntary appearance in the action." [DE 33] Pg. 5. Having chosen to make a voluntary appearance

and request affirmative relief, Mangino cannot preserve an unfiled Rule 12 challenge as a conditional threat.

The order should therefore be modified to provide that any defense based on insufficient service of process, insufficient process, or lack of personal jurisdiction is waived. Alternatively, the order should be vacated because Mangino failed to make a proper Rule 12 motion and failed to establish good cause for Rule 55(c) and Rule 6 relief.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the District Judge enter an Order:

1. **SUSTAINING** Plaintiff's Objections under Fed. R. Civ. P. 72(a);
2. **VACATING** the Magistrate Judge's July 10, 2026 docket-only order as clearly erroneous and contrary to law;
3. **REINSTATING** the Clerk's Entry of Default against Defendant Mangino for his failure to plead or otherwise defend within the time prescribed by Fed. R. Civ. P. 12;
4. **VACATING** Defendant Mangino's extension of time to respond to the Amended Complaint;
5. **REQUIRING**, if the Court does not reinstate default outright, that Defendant Mangino file a proper motion for relief under Rule 55(c) and Rule 6(b), supported by evidence and addressing the applicable standards, including willfulness, prejudice, meritorious defense, bad faith, good cause, and, if applicable, excusable neglect;
6. **DEEMING** Defendant Mangino to have waived any defense of insufficient service of process, insufficient process, or lack of personal jurisdiction under Fed. R. Civ. P.

12(h)(1) by virtue of his voluntary general appearance, his formal request for affirmative relief from the Court, his request for a scheduling extension on the merits, and his active utilization of the Court's machinery to align his response timeline with co-defendants;

7. **ORDERING**, in the alternative, that if the Court permits Defendant Mangino to appear notwithstanding the default posture, he must file a responsive pleading within seven (7) days of the District Judge's Order and may not use the vacated extension to coordinate an untimely Rule 12 motion with another defendant; and
8. **GRANTING** such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on July 13, 2026

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION
OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

-----------------------------------------------------------------------------------------x

Case No.: 26-cv-02371 (SJB) (ARL)

**CERTICATE OF COMPLIANCE WITH WORD COUNT LIMIT**

RECEIVED
JUL 13 2026
EDNY PRO SE OFFICE

Pursuant to the Local Civil Rule 7.1(c) and the Individual Rules of Judge Bulsara VI.E, the undersigned Plaintiff, pro se hereby certifies that this Memorandum in Response to Motion to Vacate Entry of Default complies with the applicable word count limitation of 3500 words, as the total word count of the same is 2,540.

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 13 2026 ★
LONG ISLAND OFFICE