FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 13 2026 ★
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

-------------------------------------------------------------------------------------x

Case No.: 26-cv-02371 (SJB) (ARL)

**PLAINTIFF'S EMERGENCY MOTION TO STAY EFFECT OF MAGISTRATE JUDGE'S ORDER PENDING DISTRICT JUDGE REVIEW OF RULE 72(a) OBJECTIONS**

RECEIVED
JUL 13 2026
EDNY PRO SE OFFICE

Plaintiff Kyung L. Trotter, pro se, respectfully moves for a limited stay of the effect of the Magistrate Judge's July 10, 2026 docket-only order pending the District Judge's resolution of Plaintiff's Rule 72(a) objections.

## PRELIMINARY STATEMENT

Plaintiff seeks a limited stay to preserve the default and response-deadline posture affected by the Magistrate Judge's July 10, 2026 order until the District Judge decides Plaintiff's Rule 72(a) objections.

The challenged order vacated the Clerk's Entry of Default against Defendant Mangino and granted him until August 7, 2026, to "respond" to the Amended Complaint. Plaintiff has filed Rule 72(a) objections arguing that the order is clearly erroneous and contrary to law because it vacated default and granted an extension without applying Rule 55(c), Rule 6(b), the Enron factors, or Plaintiff's opposition.

JUL 13 '26 PM
REC'D IN PRO SE OFFICE

Unless the effect of the order is stayed, Mangino will receive the full benefit of the challenged order before the District Judge determines whether that order was lawful. He will be able to rely on the vacatur of default, use the extension of time, and coordinate his defense strategy with another defendant before Rule 72(a) review occurs. That would deprive Plaintiff of the procedural posture her objections seek to preserve and make Rule 72(a) review practically hollow.

Plaintiff does not seek an open-ended stay of this action. Plaintiff seeks only a stay of the effect of the July 10, 2026 order pending District Judge review of her Rule 72(a) objections.

## RELEVANT BACKGROUND

1. On June 8, 2026, the Clerk entered default against Defendant Mangino for failure to plead or otherwise defend.
2. On June 18, 2026, Mangino submitted a hybrid letter. He did not answer. He did not file a Rule 12 motion. He did not squarely move under Rule 55(c). Instead, he claimed he still had time to respond while conditionally asking that, if the Court deemed him in default, the default be withdrawn and his response deadline aligned with CDCLI's anticipated motion practice.
3. Plaintiff opposed Mangino's request and argued that Mangino failed to show good cause, failed to present a meritorious defense, acted willfully and in bad faith, and sought a tactical extension that would prejudice Plaintiff.
4. On July 10, 2026, the Magistrate Judge entered a docket-only order granting relief over Plaintiff's objection. The order vacated the Clerk's Entry of Default and directed Mangino to respond by August 7, 2026.

5. Plaintiff has filed Rule 72(a) objections to that order.

## LEGAL STANDARD

It is well settled that district courts have the power to stay proceedings. See *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). That power is "incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." Id. Courts considering stay applications must "exercise [their] judgment," and that judgment "must weigh competing interests and maintain an even balance." Id. at 254-255.

In deciding whether a stay is appropriate, courts typically consider five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 621 (S.D.N.Y. 2012) (quoting *Wing Shing Products (BVI) Ltd. v. Simatelex Manufactory Co.*, No. 01-1044 (RJH)(HBP), 2005 WL 912184, at *1 (S.D.N.Y. Apr. 19, 2005), citing *Kappel v. Comfort,* 914 F. Supp. 1056, 1058-1059 (S.D.N.Y. 1996)).

Those factors favor a limited stay here because Plaintiff seeks only to preserve the procedural posture existing before the challenged order: the Clerk had entered default against Mangino, and Mangino had no adjudicated extension of time to respond.

## ARGUMENT

### I. Plaintiff's Private Interests Favor a Stay Because Denial Would Deprive Plaintiff of the Default Posture Her Objections Seek to Preserve

The first factor considers Plaintiff's private interest in proceeding expeditiously balanced against prejudice to Plaintiff if the stay is denied. This factor favors a stay. Plaintiff's interest is not delay. Plaintiff's interest is preserving meaningful Rule 72(a) review before the challenged order erases the existing Rule 55(a) default posture. Before the Magistrate Judge's July 10, 2026 order, the Clerk had already entered default against Mangino, and Mangino had no adjudicated extension of time to respond to the Amended Complaint.

If the stay is denied, Mangino will obtain the precise procedural benefit Plaintiff challenges before the District Judge determines whether that benefit was lawfully granted. He will be able to rely on the vacatur of default, use the enlarged response deadline, and potentially coordinate his response with CDCLI's anticipated motion practice. That is not ordinary delay prejudice. It is prejudice to Plaintiff's rightful procedural posture.

Once Mangino relies on the vacatur or files under the benefit of the extension, the July 10, 2026 order will have already produced the procedural alteration Plaintiff asks the District Judge to review. A later ruling sustaining Plaintiff's objections may not fully restore the posture Plaintiff was entitled to preserve pending review. The first factor therefore favors a stay.

**II. Defendant Mangino's Private Interests and Burden Do Not Outweigh Plaintiff's Prejudice**

The second factor considers Defendant Mangino's private interests and the burden a stay would impose on him. This factor also favors a stay.

A limited stay would not enter default judgment against Mangino. It would not decide Plaintiff's Rule 72(a) objections. It would not permanently prevent Mangino from answering or moving. It would merely prevent him from using the challenged vacatur and extension before the District Judge decides whether the Magistrate Judge's order was clearly erroneous or contrary to law.

If the District Judge overrules Plaintiff's objections, Mangino can proceed under whatever schedule the Court orders. But if no stay is entered and Plaintiff's objections are later sustained, Plaintiff will already have been deprived of the default posture and deadline structure her objections seek to preserve.

Mangino's interest in immediately using a challenged extension does not outweigh Plaintiff's interest in meaningful review before an already-entered default is erased. The second factor favors a stay.

## III. The Court's Interests Favor a Stay Because It Preserves Orderly Rule 72(a) Review

The third factor considers the interests of the Court. This factor favors a stay because the challenged order concerns threshold procedural posture.

If Mangino is permitted to file an answer, Rule 12 motion, or other response in reliance on the challenged extension before the District Judge reviews Plaintiff's objections, the Court may be forced to address additional disputes over whether those filings are timely, whether Mangino may rely on the vacated default posture, whether any filing should be accepted if the objections are sustained, and whether the extension improperly enabled coordinated motion practice with another defendant.

A stay avoids those complications. It preserves the posture that existed before the challenged order and allows the District Judge to decide the threshold issue first: whether the Magistrate Judge properly vacated the Clerk's Entry of Default and granted Mangino an extension of time.

The Court's interest in orderly proceedings and efficient review favors a limited stay.

**IV. The Interests of Nonparties Do Not Weigh Against a Stay**

The fourth factor considers the interests of persons not parties to this litigation. That factor does not weigh against a stay.

The requested stay is narrow. It affects only the procedural posture between Plaintiff and Defendant Mangino. It does not impose obligations on nonparties, delay nonparty discovery, interfere with outside proceedings, or burden any person not before the Court.

Because no nonparty interest is harmed by preserving the default and response-deadline posture pending Rule 72(a) review, the fourth factor favors a stay or is neutral.

**V. The Public Interest Favors a Stay Because Rule 72(a) Review Should Be Meaningful Before an Existing Default Posture Is Erased**

The fifth factor considers the public interest. This factor favors a stay.

The public interest favors rule-governed litigation, fair application of the Federal Rules of Civil Procedure, and meaningful district-judge review of magistrate judge orders under Rule 72(a). That interest is not served by allowing a docket-only order to erase an already-entered Clerk's default and confer an enlarged response deadline before the

District Judge determines whether the order complied with Rule 55(c), Rule 6(b), the Enron factors, and Rule 72(a).

A stay would promote public confidence in orderly adjudication by ensuring that Plaintiff's objections are reviewed before the challenged order produces the very procedural consequences Plaintiff challenges.

The public interest therefore favors a limited stay.

**VI. The Requested Stay Is Narrowly Tailored to Preserve the Status Quo Pending Review**

Plaintiff seeks only a stay of the effect of the Magistrate Judge's July 10, 2026 order pending District Judge review of her Rule 72(a) objections.

The status quo for purposes of this motion is not the posture created by the challenged order. The status quo is the posture that existed before that order: the Clerk had entered default against Mangino, and Mangino had no adjudicated extension of time to respond.

Plaintiff asks the Court to stay:

6. the vacatur of the Clerk's Entry of Default;
7. the extension of time granted to Defendant Mangino;
8. any deadline created by the challenged order; and
9. any ability by Defendant Mangino to rely on the challenged extension or vacatur of default while Rule 72(a) review is pending.

This relief does not resolve Plaintiff's objections. It does not impose default judgment. It does not prevent the District Judge from affirming, modifying, or setting aside the Magistrate Judge's order. It simply preserves meaningful review.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order:

10. **STAYING** the effect of the Magistrate Judge's July 10, 2026 order pending resolution of Plaintiff's Rule 72(a) objections;
11. **STAYING** the vacatur of the Clerk's Entry of Default against Defendant Mangino pending Rule 72(a) review;
12. **STAYING** the extension of time granted to Defendant Mangino pending Rule 72(a) review;
13. **PROHIBITING** Defendant Mangino from relying on the challenged extension or vacatur of default unless and until the District Judge overrules Plaintiff's Rule 72(a) objections;
14. **DIRECTING** that no answer, Rule 12 motion, or other response by Defendant Mangino filed in reliance on the challenged extension be accepted as timely unless the District Judge first overrules Plaintiff's Rule 72(a) objections or otherwise orders; and
15. **GRANTING** such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on July 13, 2026

KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC.,
SEVEN TIER, L.P., a.k.a. CRAIG RUBENSTEIN
LESLIE BARRY,
JOHN MANGINO,
DELORES PHRANER,
WILMA HAYES,
THOMAS ZAWYRUCHA

Defendants

-------------------------------------------------------------------------------------x

Case No.: 26-cv-02371 (SJB) (ARL)

**CERTICATE OF COMPLIANCE WITH WORD COUNT LIMIT**

RECEIVED
JUL 13 2026
EDNY PRO SE OFFICE

Pursuant to the Local Civil Rule 7.1(c) and the Individual Rules of Judge Bulsara VI.E, the undersigned Plaintiff, pro se hereby certifies that this Plaintiff's Emergency Motion to Stay Effect of Magistrate Judge's Order Pending District Judge Review of Rule 72(a) Objections, complies with the applicable word count limitation of 3500 words, as the total word count of the same is 1,902.


KYUNG L. TROTTER
Respondent, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com


REC'D IN PRO SE OFFICE
JUL 13 '26 PM12:29

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 13 2026 ★
LONG ISLAND OFFICE