FARRELLFRITZ P.C.
ATTORNEYS

**Irene A. Zoupaniotis**
Partner

Direct Dial: 516.227.0726
Direct Fax: 516.336.2246
izoupaniotis@farrellfritz.com

400 RXR Plaza
Uniondale, NY 11556
www.farrellfritz.com

Our File No.
13022-102

August 7, 2026

**By ECF Filing**
Hon. Sanket J. Bulsara, U.S.D.J.
100 Federal Plaza
Courtroom 930
Central Islip, NY 11722

**Re: Trotter v. Community Development Corp. of Long Island, Inc., et al.**
**E.D.N.Y. Docket No. 2:26-cv-02371 (SJB) (ARL)**

Dear Judge Bulsara:

Farrell Fritz, P.C. represents defendant Community Development of Long Island, Inc. ("CDLI") in the above-referenced action commenced by *pro se* plaintiff Kyung L. Trotter ("Plaintiff"). Pursuant to Your Honor's Individual Practice Rules, CDLI respectfully requests a pre-motion conference to discuss CDLI's anticipated motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's First Amended Complaint (the "FAC"). As set forth below, Plaintiff's claims against CDLI are barred in substantial part by the applicable three-year statute of limitations, and, in any event, the FAC fails to state a claim upon which relief can be granted against CDLI.

## Factual and Procedural Background

Plaintiff commenced this action on April 21, 2026, and filed the FAC on or about April 30, 2026. *See* ECF No. 11. Plaintiff brings suit under 42 U.S.C. § 1983 for alleged procedural due process violations, naming CDLI, two private landlords (Seven Tier, L.P. and John Mangino), a landlord's attorney (Thomas Zawyrucha), and three CDLI employees (Leslie Barry, Delores Phraner, and Wilma Hayes).[1] *See* FAC ¶ 3-29. The crux of Plaintiff's claims against CDLI is that CDLI has a "custom" of treating Housing Choice Voucher ("HCV") tenancies as month-to-month after the first year rather than ensuring written renewals. FAC ¶ 49-50. Plaintiff alleges this "custom" deprived her of a protected property interest in her HCV benefit and leasehold: first in connection with her prior tenancy at 448 Donald Blvd., Holbrook, New York (landlord Seven Tier,

1 The individual Defendants who are employees of CDLI have not been served as of the date of this letter, and therefore, we do not interpose a response on their behalf. However, if they were properly served, they would likely have an argument that they are entitled to qualified immunity.

L.P.), from 2017 until she vacated on or about January 29, 2023; and then in connection with her current tenancy at 374 Donald Blvd., Holbrook, New York (landlord John Mangino), beginning on or about February 1, 2023. FAC ¶¶ 254, 317, 70, 113, 115. Plaintiff remains a participant in the HCV program and remains in possession of 374 Donald Blvd. FAC ¶ 3. On June 23, 2026, the Suffolk County District Court dismissed landlord Mangino's holdover after trial. CDLI was not a party to that proceeding, and Plaintiff was not evicted. A copy of the Decision Following Trial is attached as **Exhibit A**.

**The Housing Choice Voucher Program**

This action arises out of Plaintiff's participation in the Housing Choice Voucher program (commonly referred to as "Section 8"), which provides rental assistance to low-income individuals and families through federal funds administered by the United States Department of Housing and Urban Development ("HUD"). CDLI is the local administrator ("LA") in Suffolk County for New York State Homes and Community Renewal ("HCR"), the New York State Public Housing Agency ("PHA") responsible for administering the HCV program in the State. As HCR's LA, CDLI follows HUD's regulations for the implementation of the HCV program (24 C.F.R. § 982 *et seq.*), as well as HCR's Section 8 Administrative Plan. CDLI is not a party to the lease between a voucher holder and her private landlord.

**Plaintiff's Claims Are Barred by the Statute of Limitations**

Section 1983 claims arising in New York are subject to three-year statute of limitations. *See Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015). Plaintiff filed her original complaint on April 21, 2026; thus, any claim based on conduct prior to April 21, 2023 is time-barred. Plaintiff's allegations concerning her 448 Donald Blvd. tenancy, including the annual "Contract and Tenancy Addendum Amendments" issued between 2018 and 2022, the rent increases allegedly approved in 2021 and 2022, and the events culminating in her January 29, 2023 move out, all predate April 21, 2023 and are therefore time-barred. Plaintiff began her 374 Donald Blvd. tenancy on or about February 1, 2023, leaving only post-April 21, 2023 allegations (if any) concerning that tenancy potentially within the limitations period. The continuing violations doctrine does not revive discrete acts that occurred before April 21, 2023, as the complained of conduct are separate acts. *See DeSuze v. Ammon*, 990 F.3d 264, 272 (2d Cir. 2021); *see Zoulas v. N.Y.C. Dep't of Educ.*, 400 F. Supp. 3d 25, 50 (S.D.N.Y. 2019) (stating that the continuing violation doctrine is "heavily disfavored" by the Second Circuit).

**The Complaint Fails to State a Claim for Relief Against CDCLI**

Even under the liberal standard afforded to *pro se* litigants, the complaint is still required to "state a plausible claim for relief'." *Darby v. Greenman*, 14 F.4th 124, 127 (2d Cir. 2021) (internal citations omitted). Here, the FAC fails to state a procedural due process claim against CDLI because Plaintiff has not, because she cannot, allege a deprivation of a constitutionally protected property interest.

*First*, the only property interest Plaintiff holds *vis-à-vis* CDLI is her Section 8 voucher. *See Rios v. Town of Huntington Hous. Auth.*, 853 F. Supp. 2d 330, 337-338 (E.D.N.Y. 2012). Here, Plaintiff remains a voucher participant and alleges no termination hearing. FAC ¶ 3. Where a plaintiff concedes continued participation in the program and no termination by the administrator, there is no deprivation of that benefit by CDLI. *See Augusta v. Cmty. Dev. Corp. of Long Island*, 2008 WL 5378386, at *7 (E.D.N.Y. 2008) (holding that where the plaintiff's voucher had expired on its own terms and had not been terminated by the local administrator, there was no deprivation of plaintiff's property interest)*; see also Morales v. Related Mgmt. Co., LP*, 2015 WL 7779297, at *6 (S.D.N.Y. 2015).

*Second*, to the extent Plaintiff premises her claim on the loss of a "leasehold" or "lease renewal," that interest arises, if at all, out of a private lease between Plaintiff and her landlord — an agreement to which CDLI is not a party. CDLI cannot deprive Plaintiff of a lease renewal it has no authority to grant, withhold, or negotiate. Further, CDLI was not a party of the state-court eviction proceeding, which was commenced by Plaintiff's landlord. Absent a direct link, Plaintiff cannot assert her Section 1983 claims relating to her lease against CDLI. *See Rosa v. Pathstone Corp.*, 2023 WL 3123032, at *5 (S.D.N.Y. 2023).

Finally, Plaintiff's claim is not ripe for adjudication. On June 23, 2026, the Suffolk County District Court dismissed the landlord's holdover petition. *See* Ex. A. Accordingly, no eviction order was issued, and Plaintiff remains in possession and remains a voucher participant. Under these pleaded facts, there is no deprivation to redress, and any due process theory premised on eviction or loss of voucher benefits fails as a matter of law. *See Hancich v. Gopoian*, 815 F.2d 883, 885 (2d Cir. 1987) (holding a due process taking claim tied to eviction is not ripe until an eviction order issues); *Silberman v. Biderman*, 735 F. Supp. 1138, 1151-1152 (E.D.N.Y. 1990) (dismissing Section 1983 claim because hearing had not yet been held).

We therefore respectfully request a conference with the Court to discuss, and to set a briefing schedule for, CDLI's anticipated motion to dismiss the First Amended Complaint. We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Irene A. Zoupaniotis*

Irene A. Zoupaniotis

TO: All Counsel of Record (by ECF Filing without Authorities)
Pro se Parties of Record (by ECF and Regular Mail with Authorities)

**CERTIFICATION OF COUNSEL**

This Pre-Motion Letter was prepared by computer using Microsoft Word. The total number of words in the document, excluding the Address Block and the Signature block, is 1,182. This certification complies with both Local Rules and Part Rules.

*/s/ Irene A. Zoupaniotis*

Irene A. Zoupaniotis