Long Tuminello, LLP
Attorneys at Law

*Members:*
John E. Long, Jr.*
Barry M. Tuminello
David H. Besso, P.C.
Harold Seligman, P.C.
Kevin J. Werner
Michelle Aulivola, P.C.
Karen S. Svendsen**

* Retired
** Also admitted in Florida

888 Veterans Memorial Hwy, Ste 510
Hauppauge, New York 11788
631-666-2500 / 631-666-5766
Fax: 631-666-8401
(service by fax not permitted)

*Senior Associates:*
Nicole L. Bohler
Jared R. Artura

*Associates:*
Patricia A. Deegan
Jessica Wright
Natalie Marchesiello
Samantha B. Karpman

Arthur M. Cromarty,
Ret. N.Y.S. Supreme Ct. Justice
*(1919-2014)*

August 12, 2026

Via ECF
Hon. Sanket J. Bulsara
United States District Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: Trotter v. Community Development Corporation of Long Island, Inc., et al
EDNY Docket No. 2:26-cv-02371 (SJB)(ARL)

Dear Judge Busara:

We represent Defendant Thomas Zawyrucha, Esq. in the above-captioned matter. Pursuant to Your Honor's Individual Practice Rules and EDNY Local Rules, Defendant Zawyrucha respectfully submits this pre-motion letter to request a pre-motion conference regarding his prospective Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) or, in the alternative, for Summary Judgment under Fed. R. Civ. P. 56.

## I. Procedural Posture & Background

Plaintiff commenced this federal action raising federal statutory and state common law claims arising out of underlying state court summary eviction and landlord-tenant proceedings. Defendant Zawyrucha was named as a defendant solely in his capacity as legal counsel representing the landlord in those state court proceedings.

On May 20, 2026, Defendant Zawyrucha filed a Verified Answer to the Complaint (ECF No. 18), denying all substantive allegations of wrongdoing, asserting affirmative defenses, and attaching controlling state court judicial records and lease documentation. Because pleadings are closed as to Defendant Zawyrucha, his motion for dismissal for failure to state a claim is properly framed under Rule 12(c), which applies the exact same legal standard as Rule 12(b)(6), while incorporating all documents attached to or incorporated in the Verified Answer under Rule 10(c).

## II. Bases for Proposed Motion

### 1. Failure to Satisfy *Iqbal* / *Twombly* Plausibility Standards

Conclusory allegations contained in a Complaint can provide the framework of a Complaint but when unsupported by specific factual allegations are denied the assumption of truth. Under *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), threadbare recitals of elements and legal conclusions—such as assertions of "conspiracy," "retaliation," or "unlawful eviction"—are not entitled to the assumption of truth. Stripping away these labels, the Complaint lacks factual content to establish personal liability against Zawyrucha.

Plaintiff's claims fail the plausibility standards set forth in controlling case law. Allegations that Zawyrucha filed court papers or advocated for his client in the state proceeding are entirely consistent with routine, lawful legal practice. Where conduct is "just as much in line with lawful behavior as it is with an alleged conspiracy," claims fail the plausibility threshold under *Iqbal*, 556 U.S. at 680.

### 2. Failure to State a Procedural Due Process Claim (No Property Deprivation)

To state a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must establish a deprivation of a constitutionally protected property interest. *Gomez v. Toledo,* 446 U.S. 635, 640, (1980); *Monroe v. Pape,* 365 U.S. 167, 171, (1961); *Velez v Levy*, 401 F3d 75, 84 (2d Cir 2005). On June 23, 2026, the Suffolk County District Court dismissed the landlord's holdover petition. A copy of the Court Order is annexed hereto as **Exhibit A**. Because the state court dismissed the underlying summary eviction proceeding and Plaintiff at all times remained in physical possession of the leased premises, no actionable deprivation occurred as a matter of law.

The availability and successful utilization of state court procedures to defend against eviction provides all the process that is constitutionally due. Initiating state court judicial process that results in dismissal cannot form the predicate for a federal constitutional tort.

### 3. Failure to State a Claim Under 42 U.S.C. § 1983 (Lack of State Action)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted "under color of state law." It is a well-established doctrine that private attorneys representing clients in state court proceedings do not act "under color of state law" for purposes of 42 U.S.C. § 1983. *Harrison v New York*, 95 F Supp 3d 293, 328 (EDNY 2015); *citing Manko v. Steinhardt,* No. 11–CV–5430, 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (citing *e.g. Fine v. City of N.Y.,* 529 F.2d 70, 74 (2d Cir.1975) (private attorney not a state actor)); *see McCloud v. Jackson,* 4 Fed.Appx. 7, 9–10 (2d Cir.2001) ("To the extent that [the defense attorney] may have served as privately-retained counsel, rather than as a court-appointed attorney, he still could not be held liable under § 1983 because there was no showing that he worked with state officials to deprive [the plaintiff] of federal rights."); *Grant v. Hubert,* No. 09–CV–1051, 2009 WL 764559, at *1 (E.D.N.Y. Mar. 20, 2009) (citing *e.g., Polk County v. Dodson,* 454 U.S. 312, 319, 102 S.Ct.

445, 70 L.Ed.2d 509 (1981)).

To the extent Plaintiff alleges a § 1983 or § 1985 conspiracy involving Zawyrucha, Plaintiff relies entirely on vague assertions without pleading specific facts showing an agreement or concerted action with state actors. *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002)("A mere conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against a private entity.")

**4. New York Common Law Litigation Privilege & Attorney Immunity**

Under New York law, statements made and actions taken by an attorney in the course of judicial proceedings are absolutely privileged, provided they are pertinent to the questions involved in the litigation. *See Park Knoll Assoc. v. Schmidt,* 59 N.Y.2d 205 (1983); *Front, Inc. v Khalil*, 24 NY3d 713, 718 (2015). An attorney is not liable to third parties for acts performed in good faith on behalf of a client during an adversarial proceeding. Because all alleged acts by Zawyrucha occurred squarely within his role as counsel in the state eviction matter, all state tort claims against him are barred as a matter of law.

**5. Consideration of Exhibits & Deficiencies Under Rules 8 and 9(b)**

Under Rule 10(c) and Rule 12(c), the Court may consider the state court orders issued by Judge Ukeiley and governing lease addenda attached to Defendant Zawyrucha's Verified Answer (ECF No. 18). These records confirm that the state court actively managed and evaluated the landlord-tenant disputes.

They also demonstrate that Plaintiff's claims regarding heating, hot water, and Section 8 disclosures fail under Rule 8, are directly contradicted by the state court record and lease documentation (ECF No. 18), and fail to satisfy Rule 9(b)'s heightened specificity requirements to the extent fraud or misrepresentation is alleged.

**III. Conclusion**

For the foregoing reasons, Defendant Thomas Zawyrucha respectfully requests that the Court schedule a pre-motion conference or, in the alternative, issue a briefing schedule for Defendant's Rule 12(c) Motion for Judgment on the Pleadings.

We thank the Court for its time and consideration.

Respectfully submitted,

MICHELLE AULIVOLA

To: All appearing parties via ECF