# EXHIBIT A

# DISTRICT COURT OF THE COUNTY OF SUFFOLK, FIFTH DISTRICT

**P R E S E N T: HON. STEPHEN L. UKEILEY**
District Court Judge

Index No. LT-1852-25/IS

---------------------------------------------------x

JOHN MANGINO,

Petitioner,

-against-

KYUNG L. TROTTER,

Respondents.

---------------------------------------------------x

PETITIONER'S ATTORNEY:
Thomas S. Zawyrucha, Esq.
15 Woodhollow Road
Box 477
Great River, New York 11739

RESPONDENT *PRO SE*:
Kyung L. Trotter
374 Donald Boulevard
Holbrook, New York 11741

**DECISION FOLLOWING TRIAL**

On December 30, 2025, Petitioner John Mangino ("Petitioner") commenced this residential holdover proceeding after purportedly terminating the Section 8 tenancy of Respondent Kyung L. Trotter ("Respondent"), which was entered into on February 1, 2023, pursuant to a United States Department of Housing and Urban Development (HUD) Housing Assistance Payments (HAP) Contract with non-party New York State Housing Community Renewal Community Development Corporation of Long Island, regarding the premises located at 374 Donald Boulevard, Holbrook, New York 11741 (the "Premises"). The parties executed a separate lease agreement for the Premises for a term of one (1) year on the same date. The non-jury trial was conducted on June 18, 2026, and, upon its conclusion, the Court reserved decision.

Based upon careful consideration of the credible evidence, the Court finds that Petitioner failed to demonstrate entitlement to possession. It was undisputed that after the expiration of the initial lease term in January 2024, the parties continued the tenancy for more than one and one-half (1½) years, and Petitioner continued to accept rent payments during that period, until August 2025, when Petitioner caused to be served upon Respondent a ninety (90) day termination notice, effective November 30, 2025 (Petitioner's Exh. 2). The ninety (90) day termination notice does not provide a reason for the lease termination (***Id.***).

According to the lease agreement, Respondent's portion of the $3,000 monthly rent was $676 (Petitioner's Exh. 1, at pp. 13-14). It was undisputed that Respondent's portion of the rent thereafter increased to $714 per month, which was the rate at the time this proceeding was commenced.

Case 2:26-cv-02371-SJB-ARL Document 47-1 Filed 08/07/26 Page 3 of 5 PageID #: 530



The crux of Respondent's defense is that the petition should be dismissed because Petitioner was required to, but failed to provide good cause for the termination because the lease was re-newed for a "successive year" upon Petitioner's acceptance of rent payments following the termination date. According to Respondent, the lease was extended for another year through January 2025, and then further extended again, through January 2026, as a result of Petitioner's ongoing acceptance of rent payments.

Petitioner does not refute the acceptance of rent payments following the expiration of the original lease. Rather, Petitioner contends that the Section 8 tenancy became a month-to-month tenancy following the expiration of the initial lease term in January 2024, and, as a result, Petitioner was within his rights to terminate the tenancy without cause after giving proper notice at the conclusion of the lease term, i.e., the end of each month. It seems that Petitioner concedes that during any particular term, good cause, as required in the original lease, would have been required. However, since Petitioner sought to terminate the month-to-month tenancy at the end of a particular month (another way for saying refusing to re-new after the expiration of the term), good cause was neither required to be specified in the notice nor pled in the petition.

Although New York's Good Cause Eviction Law (GCEL) has not been enacted in Suffolk County, the Court's analysis does not stop there because Section 8 is a Federal-based housing assistance program that requires the parties to comply with not only State and local laws, but with the applicable Federal laws pertaining to Section 8 tenancies. The Federal rules and regulations regarding Section 8 tenancies require a landlord to demonstrate good cause for the termination of a Section 8 tenancy. Significantly, Petitioner agreed to these terms when he executed both the HAP contract and the Section 8 residential lease. Subdivision 8 of Part C of the HAP Contract, Tenancy Addendum states that "[d]uring the term of the lease (*the initial term of the lease and any extension term*), the owner may <u>only</u> terminate the tenancy because of: (1) Serious of repeated violation of the lease; (2) Violation of Federal, State, or local law that imposes obligations on the tenant in connection with the occupancy or use of the unit and the premises; (3) Criminal activity or alcohol abuse (as provided in paragraph c); or (4) Other good cause (as provided in paragraph d)" (Petitioner's Exh. 1, at p. 9) (emphasis added). The section goes on to expand upon and describe the conduct that amounts to "criminal activity" warranting termination, and further delineates examples of other good cause for termination of the tenancy during and following the initial lease term (***Id.***). Of note, the failure to pay rent is grounds to terminate a Section 8 tenancy.

Notwithstanding clear evidence regarding Respondent's failure to pay her proportionate share of the rent from December 2025 to the present, which coincides with the lease termination date, Petitioner has neither pled any breach of the lease agreement or misconduct on the part of Respondent nor provided Respondent with any such notice in advance of this proceeding. The requirement of good cause to terminate a Section 8 tenancy, even after the expiration of the initial lease term as was the case here, has been upheld in this Judicial Department. In this county, a Landlord is not forced to continue to provide a Section 8 Tenant who is compliance with all of the Section 8 provisions and lease terms a residence in perpetuity. Rather, the Landlord may elect not

to re-new or properly opt to terminate the tenancy provided the termination date coincides with the final day of the lease term.

Significantly, the lease at issue here states, *inter alia*, that "[t]he renewal term shall be for successive one year terms" (Petitioner's Exh. 1, at p. 13). In other words, the parties agreed to one-year renewals. Had the parties intended an alternative arrangement, they would have had to explicitly agree to such modification, including the removal of the requirement of good cause during the initial term and/or any extensions.

In an analogous situation involving a Section 8 tenancy, the Nassau County District Court determined that the Landlord's lease termination notice *without cause*, which was served following the expiration of the initial lease term and the Landlord's acceptance of subsequent months' rent, was defective because the termination date was a date during the term, as opposed to the final day of the tenancy. In ***Ochs v. Gordon***, the Court reasoned that since:

> [t]he parties expressly agreed in the written lease that the renewal term for the lease shall be for successive one year terms[,] Petitioner's acceptance of Respondent's payment of rent created a yearly renewal, not a month-to-month tenancy. The only way a landlord can terminate such a lease is by proof of good cause during the term of the lease, *Numme v. Lemon*, 191 Misc 2d 133, 741 N.Y.S.2d 384 (NY Sup App Term 2002).

57 NYS3d 676 (Nassau Cnty. Dist. Ct. 2017).

In an earlier decision, the same Court dismissed the Landlord's holdover proceeding purporting to terminate the parties' month-to-month tenancy finding that the Landlord's acceptance of rent extended the Section 8 Tenant's lease term for a full year, as opposed to establishing a month-to-month tenancy, because the lease expressly provided the "[r]enewal term shall be for successive one year terms." The Court held,

> RPL §232-c provides that a month-to-month tenancy is only created in the absence of either an express or implied agreement, when the landlord continues to accept rent from a holdover tenant for any period subsequent to the expiration of a lease. *However, in the case at bar, the parties expressly agreed in the written lease that the renewal term for the lease shall be for successive one year terms. Furthermore, a lease that contains a provision for an automatic renewal does not convert into a month-to-month tenancy.* The only way a Landlord can terminate such a lease is by proof of good cause [citation omitted]. Therefore, as a result of the parties expressly providing in the lease for an automatic renewal of the lease for the duration of a year, as well as Petitioner's failure to provide good cause for terminating the subject lease, Petitioner's acceptance of Respondent's payment of rent created a term of years tenancy, not a month-to-month tenancy.

***Timothy v. Matison***, 866 NYS2d 96 (Nassau Cnty. Dist. Ct. 2008) (emphasis added).

***Mangino v. Trotter***
Index No. LT-1852-25/IS

The subject lease in this case includes identical language regarding one year successive renewals and good cause being required for lease termination during the initial lease term and any extensions. Accordingly, the Court finds that Petitioner's acceptance of rent following the expiration date constituted a renewal lease for an additional year, which apparently was duplicated a second time. As a result, the August 2025 notice terminating the tenancy during the middle of the second successive one year renewal without good cause was defective. Since the predicate notice is not subject to amendment, any request, even if had been made, to conform the termination notice to the proof introduced at trial would be denied. To proceed with a lease termination without cause, it appears that the next opportunity to proceed in that matter with notice will occur when the lease is due to expire on January 31, 2027. In the interim, should there be good cause to terminate the lease prior to that date, this decision in no way precludes Petitioner from commencing such subsequent proceeding after proper notice is given.

The Court considered the remaining claims and arguments and found them to be without merit.

Based upon the foregoing, it is hereby

***ORDERED***, that the petition is dismissed.

This constitutes the Decision and Order of the Court.

Dated: Ronkonkoma, New York
June 23, 2026

HON. STEPHEN L. UKEILEY, J.D.C.

ENTERED
JUN 25 2026

MAILED
JUN 29 2026