FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 18 2026 ★
LONG ISLAND OFFICE

Kyung L. Trotter
Plaintiff Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

August 18, 2026

RECEIVED
AUG 18 2026
EDNY PRO SE OFFICE

Honorable Judge Sanket J. Bulsara
United States District Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Courtroom 930
Central Islip, NY 11722

**Re: Kyung L. Trotter v. Community Development Corporation of Long Island, Inc., et al, No. 26-cv-02371 — Letter Response in Opposition to Defendant Thomas Zawyrucha's Pre-motion Application for Judgment on the Pleadings**

## INTRODUCTION

Plaintiff respectfully submits this response opposing Defendant Zawyrucha's letter-motion for judgment on the pleadings, demonstrating that the well-pleaded First Amended Complaint (Complaint) staves off threshold dismissal. (DE No. 49).

## I. THE ISSUES OF DEPRIVATION OF NOTICE AND OPPORTUNITY TO BE HEARD HAVE BEEN DECIDED

On June 23, 2026, the State Court found that Defendant Mangino (Mangino), whom Zawyrucha represented in the eviction case, had failed to serve Plaintiff with adequate notice, before terminating her tenancy and failed to plead any good cause grounds for the termination or the proceedings. (See Exhibit A, Pg. 2). It then dismissed the case for lack of notice under 42 U.S.C.A. §1437f.(o)(7)(C), 42 U.S.C.A. §1437f.(d)(l)(B)(ii), 24 C.F.R. §982.310(e) and in violation of RPAPL §741. Even without explicitly naming the state procedural pleading statute

and federal framework that was the Court's finding. Plaintiff asserted these exact claims in her Complaint in ¶¶196-198 and 355. These facts do not need to be assessed for plausibility. These issues are decided. Zawyrucha, by filing a defective termination and defective petition for an eviction, both without good cause- deprived Plaintiff of notice and a meaningful opportunity to be heard. *Mullane v. Central Hanover Bank & Trust Co,* 339 U.S. 306, 314 (1950). He is collaterally estopped from relitigating these issues. *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 310 (2d Cir. 2005).

## II. PLAINTIFF'S FACTS STAVE OFF THRESHOLD DISMISSAL

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution and laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As a Section 8 beneficiary, Plaintiff has a property interest in her continuing subsidized tenancy. *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 330 (E.D.N.Y. 2012).

Plaintiff also has a property interest in the adjudicatory process itself, to defend herself. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 423 (1982).

The Fourteenth Amendment guarantees timely notice and a meaningful opportunity to be heard before these interests may be impaired. Id. As stated above, the issues of whether Zawyrucha deprived Plaintiff of notice and opportunity to be heard have already been decided. *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 310 (2d Cir. 2005). These actions impaired both interests. What remains is whether Zawyrucha acted under color of law.

While private actors ordinarily do not act under color of state law, private persons who act jointly with state entities or actively utilize state-created customs to effectuate a constitutional deprivation act under color of law for purposes of § 1983. *Dennis v. Sparks*, 449 U.S. 24, 25 (1980). *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982).

Plaintiff's FAC is substantively plausible. It establishes that Defendant Zawyrucha acted under color of state law by actively operationalizing CDLI's unconstitutional custom of allowing landlords to treat subsidized Section 8 participants as unregulated "month-to-month" tenants (Compl. ¶ 357). Zawyrucha executed this state-facilitated scheme by:

- Filing a defective 90-day notice which terminated the Plaintiff's tenancy but omitted mandatory federal good-cause grounds under 42 U.S.C. § 1437f(o)(7)(C) and 24 C.F.R. § 982.310;
- Commencing a summary holdover petition that concealed the Section 8 tenancy and advanced CDLI's no-cause theory facilitated by its custom; and
- Prosecuting an unlawful state summary eviction proceeding to dispossess Plaintiff without the predicate federal notice and due process mandated by law.

The fact that Zawyrucha did not succeed in dispossessing the Plaintiff does not change these injuries.

Paragraphs 196–198 along with 355 and 357 of the Complaint, go well beyond the threshold needed to state a plausible claim for relief. Plaintiff simply, concisely, and directly stated the events that she asserts entitle her to damages from Defendant Zawyrucha. Having informed Zawyrucha of the factual basis for her Complaint, she is required to do no more to stave off threshold dismissal, for want of an adequate statement of her claim. *Johnson v. City of*

*Shelby*, 574 U.S. 10, 12 (2014). *Smith v. Campbell*, 782 F.3d 93, 99 (2nd Cir. 2015). ("When, as in this case, plaintiffs have 'informed [the defendant] of the factual basis for their Complaint, they [are] required to do no more to stave off threshold dismissal for want of an adequate statement of their claim.'")

Zawyrucha may argue that the "substantive plausibility" standard is limited to the narrow context of circumstances where a Plaintiff has failed to expressly assert that her Complaint is brought under "42 U.S.C. §1983". However, the context does not change the standard articulated as to what must be pleaded in a Complaint, to survive a Rule 12(b)(6) or 12(c). Moreover, analogous to Johnson and *Leatherman v. Tarrant County*, 507 U.S. 163, 168 (1993), Zawyrucha improperly attempts to graft Rule 9(b)'s heightened fraud standard onto a Fourteenth Amendment Section 1983 civil rights claim.

Either way, Plaintiff's assertions are far from naked. Pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), accepting Plaintiff's well-pleaded facts as true, the Complaint plausibly alleges joint state action under *Dennis v. Sparks*, 449 U.S. 24, 25 (1980) and *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982) rendering judgment on the pleadings improper. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005).

## III. DEFENDANT ZAWYRUCHA'S ANSWER FAILS TO COMPLY WITH FEDERAL RULES OF CIVIL PROCEDURE 8 AND 10

### A. Zawyrucha's "Blanket Denial" is Defective Under Rule 8(b)(3)

Under Rule 8(b)(3), a party may only use a blanket general denial if they intend "in good faith to deny all the allegations of a pleading including the jurisdictional grounds." In ¶ 2 of

Zawyrucha's "Answer", he attempts a blanket general denial (denying everything from Page 1 through 459). However, in ¶6. Zawyrucha admits that Plaintiff is a Section 8 tenant, was purportedly a tenant who "automatically reverted to month to month lease", and that he filed Mangino's eviction after a "90-Days Notice Terminating Month to Month Tenancy". Because Zawyrucha clearly did not deny every fact in good faith, his blanket general denial fails under Rule 8(b)(3).

## B. Zawyrucha Failed to Comply With Rules 8(b) and 10(b) Resulting in Complete Admission of Plaintiff's Claims

In responding to a pleading, a Defendant must admit or deny the allegations asserted against it by an opposing party. Fed. R. Civ. P. 8.(b)(1)(B). A denial must fairly respond to the substance of the allegation. Fed. R. Civ. P. 8.(b)(2). In addition, a Defendant must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10.(b). Moreover, a Defendant's failure to deny an averment has admitted to it. Fed. R. Civ. P. 8(b)(6). *Weitnauer Trading Co. Ltd. v. Annis*, 516 F.2d 878, 880 (2nd Cir. 1975).

On May 20, 2026, Zawyrucha filed a purported Answer which fails to comply with said rules. ¶¶ 195-252 and 353-388 of Plaintiff's Complaint are her assertions against Zawyrucha. Zawyrucha does not admit or deny each of those assertions individually by numbered paragraph or fairly in response to the substance of them. His document does not meet the required standard or form, as it is a discursive brief with 54 pages of "Exhibits" attached to it. As Zawyrucha failed to properly deny the Plaintiff's assertions, he has admitted to each and every one against him in Plaintiff's Complaint. *Weitnauer Trading Co. Ltd. v. Annis*, 516 F.2d 878, 880 (2nd Cir. 1975).

## IV. ZAWYRUCHA MAY NOT CIRCUMVENT THE PLAUSIBILITY STANDARD WITH AN IMPROPER USE OF RULE 10

Zawyrucha claims that under Rule 10(c) and Rule 12(c), "the Court may consider the state court orders issued by the State Court and governing lease addenda attached to Defendant Zawyrucha's Verified Answer (ECF No. 18)." He also claims that his Rule 12(c) incorporates "all" documents attached to his "Verified Answer" under Rule 10(c). Neither is true.

On a motion under Rule 12(c), the Court is strictly confined to the well-pleaded allegations of the Complaint. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). In addition, while a court may take judicial notice of a public state court record, it may do so only to establish the procedural fact of the filing, not for the truth of the matters asserted. *Roth v. Jennings, 489 F.3d 499,* 509 (2d Cir. 2007); Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006). Zawyrucha attached the State Court's order to refute the veracity of Plaintiff's well-pleaded facts. Zawyrucha may not annex the State Court's order or affirmations to contradict Plaintiff's well-pleaded factual allegations, or bypass the Rule 12 plausibility standard. Neither may he request a summary judgment on his pleading and documents alone, before Plaintiff's right to discovery.

Moreover, the 2nd Circuit has defined a written instrument as that which is "consistent with the general understanding of what a legal or a written instrument is, i.e., a legal document that defines rights, duties, entitlements, or liabilities, such as a statute, contract, will, promissory note, or share certificate[,]" Black's Law Dictionary (10th ed.2014." *Smith v. Hogan*, 794 F.3d 249, 254 (2nd Cir. 2015)). Zawyrucha has attached 54 pages of "Exhibits", including a State court order, other than that of the eviction proceeding between Mangino and the Plaintiff, and

various pleadings from the dismissed eviction. These documents are not written instruments as defined by this Circuit and understood in the legal community.

**V. PLAINTIFF'S CLAIMS AGAINST ZAWYRUCHA ARE FEDERAL**

Zawyrucha cited State cases claiming that "statements made and actions taken" were "absolutely privileged", and that Zawyrucha was not liable to the Plaintiff for acts taken in "good faith" on behalf of Mangino in the State court proceedings. Thus, all Plaintiff's "state tort claims" are barred. Plaintiff made no state tort claims against Zawyrucha. All the claims are federal under Section 1983. None of the federal, Section 1983 claims against Zawyrucha are barred and he is not protected in federal court for his actions. Even if the claims were state torts- which they are not- Zawyrucha's actions, as Plaintiff stated in paragraphs 195- 252 and 353-388 are not "merely consistent" with lawful action and would not fall under any privilege as they were taken in anything but good faith.

For these reasons, Zawyrucha's request for a pre-motion conference should be denied.

**DECLARATION**

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed on August 18, 2026

KYUNG L. TROTTER
Plaintiff, Pro Se
374 Donald Blvd

Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------------x

| | |
|---|---|
| KYUNG L. TROTTER,<br><br>Plaintiff,<br><br>-v-<br><br>COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC., *et al*,<br><br>Defendants | Case No.: 26-cv-02371 (SJB)(ARL)<br><br>**CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMIT** |

-------------------------------------------------------------------------------------x

Pursuant to the Court's Rule VI.I, 1. as well as Local Civil Rule 7 .1 (c), I hereby certify that this Response contains 1,740 words, exclusive of the caption and signature block, and complies with the length restrictions imposed by the Court.

KYUNG L. TROTTER
Plaintiff, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

The crux of Respondent's defense is that the petition should be dismissed because Petitioner was required to, but failed to provide good cause for the termination because the lease was re-newed for a "successive year" upon Petitioner's acceptance of rent payments following the termination date. According to Respondent, the lease was extended for another year through January 2025, and then further extended again, through January 2026, as a result of Petitioner's ongoing acceptance of rent payments.

Petitioner does not refute the acceptance of rent payments following the expiration of the original lease. Rather, Petitioner contends that the Section 8 tenancy became a month-to-month tenancy following the expiration of the initial lease term in January 2024, and, as a result, Petitioner was within his rights to terminate the tenancy without cause after giving proper notice at the conclusion of the lease term, i.e., the end of each month. It seems that Petitioner concedes that during any particular term, good cause, as required in the original lease, would have been required. However, since Petitioner sought to terminate the month-to-month tenancy at the end of a particular month (another way for saying refusing to re-new after the expiration of the term), good cause was neither required to be specified in the notice nor pled in the petition.

Although New York's Good Cause Eviction Law (GCEL) has not been enacted in Suffolk County, the Court's analysis does not stop there because Section 8 is a Federal-based housing assistance program that requires the parties to comply with not only State and local laws, but with the applicable Federal laws pertaining to Section 8 tenancies. The Federal rules and regulations regarding Section 8 tenancies require a landlord to demonstrate good cause for the termination of a Section 8 tenancy. Significantly, Petitioner agreed to these terms when he executed both the HAP contract and the Section 8 residential lease. Subdivision 8 of Part C of the HAP Contract, Tenancy Addendum states that "[d]uring the term of the lease (*the initial term of the lease and any extension term*), the owner may <u>only</u> terminate the tenancy because of: (1) Serious of repeated violation of the lease; (2) Violation of Federal, State, or local law that imposes obligations on the tenant in connection with the occupancy or use of the unit and the premises; (3) Criminal activity or alcohol abuse (as provided in paragraph c); or (4) Other good cause (as provided in paragraph d)" (Petitioner's Exh. 1, at p. 9) (emphasis added). The section goes on to expand upon and describe the conduct that amounts to "criminal activity" warranting termination, and further delineates examples of other good cause for termination of the tenancy during and following the initial lease term (***Id.***). Of note, the failure to pay rent is grounds to terminate a Section 8 tenancy.

Notwithstanding clear evidence regarding Respondent's failure to pay her proportionate share of the rent from December 2025 to the present, which coincides with the lease termination date, Petitioner has neither pled any breach of the lease agreement or misconduct on the part of Respondent nor provided Respondent with any such notice in advance of this proceeding. The requirement of good cause to terminate a Section 8 tenancy, even after the expiration of the initial lease term as was the case here, has been upheld in this Judicial Department. In this county, a Landlord is not forced to continue to provide a Section 8 Tenant who is compliance with all of the Section 8 provisions and lease terms a residence in perpetuity. Rather, the Landlord may elect not



Exhibit A