FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 21 2026 ★
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC., *et al*,

Defendants

-----------------------------------------------------------------------------------x

Case No.: 26-cv-02371 (SJB) (ARL)

**NOTICE OF MOTION FOR SANCTIONS**

RECEIVED
AUG 21 2026
EDNY PRO SE OFFICE

PLEASE TAKE NOTICE that upon the accompanying Memorandum of Law, the Declaration of Plaintiff Kyung L. Trotter, and upon all the prior pleadings and proceedings had herein, Plaintiff *pro se* moves this Court before the Honorable Sanket J. Bulsara, United States District Judge, at the United States District Courthouse, located at 100 Federal Plaza, Central Islip, NY 11722, pursuant to 28 U.S.C. § 1927, Fed. R. Civ. P. 16(f), the Court's inherent powers, and Local Civil Rule 7.1, for an order:

1. Striking and excluding from consideration on Rule 12(c) the 54 pages of extrinsic, non-pleading materials that counsel purported to "incorporate";
2. Imposing a monetary sanction against attorney Michelle Aulivola payable to the Clerk of the Court pursuant to 28 U.S.C. § 1927 and the Court's inherent authority;
3. Awarding Plaintiff all taxable costs and actual expenses incurred in responding to counsel's improper filings; and
4. Precluding Defendant Thomas Zawyrucha from making further dispositive motions prior to the close of all discovery, and strict compliance with Individual Practice Rule VI.J.

REC'D IN PRO SE OFFICE
AUG 21 '26 PM1:12

PLEASE TAKE FURTHER NOTICE that, pursuant to the Individual Practices of Judge Bulsara, and because the Court does not require oral argument, this motion is respectfully submitted for decision on the papers.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Civil Rule 6.1, opposition papers, if any, must be served and filed within fourteen (14) days of service of this notice.

KYUNG L. TROTTER
Plaintiff, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC., *et al*,

Defendants

Case No.: 26-cv-02371 (SJB) (ARL)

**DECLARATION IN SUPPORT OF MOTION FOR SANCTIONS**

-----------------------------------------------------------------------------------x

I, KYUNG L. TROTTER, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the Plaintiff *pro se* in the above-captioned action. I respectfully submit this Declaration in support of my motion for sanctions against defense counsel Michelle Aulivola, pursuant to 28 U.S.C. § 1927, Fed. R. Civ. P. 16(f), and the Court's inherent powers.
2. On May 20, 2026, Defendant Thomas Zawyrucha ("Zawyrucha") filed a narrative *pro se* "Verified Answer" accompanied by 54 pages of extrinsic documents from outside state-court proceedings.
3. Because Zawyrucha failed to specifically admit or deny the numbered factual allegations set forth in the Amended Complaint, those allegations stand admitted as a matter of law under Fed. R. Civ. P. 8(b)(6).

4. Subsequently, attorney Michelle Aulivola appeared on behalf of Zawyrucha and submitted a pre-motion letter, purporting to seek judgment on the pleadings under Fed. R. Civ. P. 12(c).

5. In that submission, counsel expressly stated that she was "incorporating all documents" attached to Zawyrucha's Answer, thereby injecting matters outside the pleadings into a Rule 12(c) review.

6. Counsel failed to request, schedule, or attend a mandatory settlement conference before Magistrate Judge Lindsay prior to seeking dispositive relief, in direct violation of Judge Bulsara's Individual Practice Rule VI.J.1.

7. Counsel failed to submit the mandatory 700-word justification letter required to pursue early summary judgment prior to the close of discovery under Individual Practice Rule VI.J.3.

8. Counsel's improper submissions have unreasonably multiplied these proceedings, forcing Plaintiff to expend considerable time and resources addressing unauthorized, extra-record materials designed to foreclose formal discovery and deny Plaintiff meaningful access to the Court itself.

Executed on August 21, 2026

KYUNG L. TROTTER
Plaintiff, Pro Se
374 Donald Blvd

Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC., *et al*,

Defendants

---------------------------------------------------------------------------------------x

Case No.: 26-cv-02371 (SJB) (ARL)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS**

## PRELIMINARY STATEMENT

Plaintiff *pro se* respectfully submits this Memorandum of Law in support of her motion for sanctions against defense counsel Michelle Aulivola ("Aulivola" or "Counsel"), Esq. pursuant to 28 U.S.C. § 1927, Fed. R. Civ. P. 16(f), and this Court's inherent authority. Counsel has engaged in an improper procedural end-run, by submitting a letter-motion labeled as a "Pre-Motion Conference Letter for Judgment on the Pleadings under Rule 12(c)" while asserting that she was "incorporating all" 54 pages of extrinsic documents that Zawyrucha attached to his "Verified Answer" as "Exhibits." (DE 49).

By attempting to "incorporate" dozens of pages of matters outside the pleadings into a Rule 12(c) application, counsel seeks to force premature summary adjudication and contradict facts already admitted under Rule 8(b)(6), in direct contravention of:

1. The mandatory pre-motion settlement conference before Magistrate Judge Lindsay required by Judge Bulsara Individual Practice Rule VI.J.1;

2. The strict prohibition and exceptional-circumstances showing required for pre-discovery summary judgment motions under Rule VI.J.3; and
3. The well-established standard of Federal Rule of Civil Procedure 12(d) and binding Second Circuit law. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

Sanctions are warranted to curb this vexatious multiplication of proceedings and enforce compliance with this Court's mandatory rules.

## ARGUMENT

### I. Counsel Failed to Comply with the Court's Individual Practice Rule VI.J

Judge Bulsara's Individual Practice Rules establish unambiguous, mandatory conditions precedent governing Motions for Summary Judgment. Section VI.J.1 requires that:

> Any party seeking to file a motion for summary judgment must first have had a settlement conference with the assigned Magistrate Judge. Failure to request and attend such a conference precludes a party from moving for summary judgment.

In addition, Section VI.J.3 states:

> The Court strongly discourages summary judgment motions made prior to the close of all discovery, though the Court will consider such motions in exceptional circumstances... the moving party must file a letter no longer than 700 words directed to why early dispositive motion practice should be permitted.

Aulivola failed to have a settlement conference with the Magistrate Judge before couching her actual request for summary judgment in a purported Rule 12(c) motion, or asking for summary judgment "in the alternative."

Counsel also ignored the Court's strong discouragement against requesting summary judgment before discovery has concluded. Even if the Court were to consider making an exception for Aulivola at this premature stage of the action, she failed to file the mandatory 700-word justification letter. Thus, Aulivola failed to meet the Court's requisite procedural steps and instead surreptitiously moved for summary judgment "in the alternative." Such disregard for the Court's rules should not be permitted.

**II. Aulivola Disregarded the Court's Rules as an End-Run for Summary Judgment**

Under Fed. R. Civ. P. 12(d) and binding Second Circuit precedent, when matters outside the pleadings are presented, the court must either exclude them or convert the motion to summary judgment. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015). Furthermore, attaching self-serving documents to an Answer does not make them "written instruments" integral to the complaint under Rule 10(c). *Roth,* 489 F.3d at 509."

Counsel attempted to "incorporate" Zawyrucha's impermissible exhibits to force the matter into summary judgment—prior to formal discovery—precisely because a proper Rule 56 motion is expressly barred at this pre-discovery stage by Section VI.J.1 and VI.J.3. Attempting an unapproved bypass of the Court's Individual Practice Rules warrants sanctions under Fed. R. Civ. P. 16(f).

**III. Sanctions Are Warranted Under 28 U.S.C. § 1927 and the Court's Inherent Powers**

Under 28 U.S.C. § 1927, any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under § 1927 and the Court's inherent powers are appropriate when an attorney's actions are entirely without legal merit and result in bad-faith multiplication of proceedings. *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

Aulivola's conduct warrants sanctions on three distinct grounds:

1. **Circumventing the Rule 12(c) Standard:** Smuggling 54 pages of extrinsic records into a pleadings-only review under the guise of "incorporation," seeking to steer the Court beyond the four corners of the Amended Complaint to adjudicate Zawyrucha's outside exhibits;
2. **Evading Mandatory Court Procedures:** Devising an end-run around the mandatory Magistrate settlement conference and early summary judgment restrictions; and
3. **Vexatious Multiplication of Proceedings:** Imposing substantial burdens on a self-represented litigant by filing improper submissions designed to foreclose discovery and access to the court itself, rather than test the legal plausibility of the Amended Complaint.

Deploying an unauthorized procedural end-run in the calculated hope that a pro se litigant will fail to recognize the circumvention of mandatory rules, is bad-faith conduct designed to extinguish valid claims and shut down access to the court itself. Given the severity of this abuse, the imposition of sanctions is necessary and warranted.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order:

1. Striking and excluding from consideration on Rule 12(c) all 54 pages of extrinsic, non-pleading materials counsel purported to "incorporate";
2. Imposing a monetary penalty directly against attorney Michelle Aulivola payable to the Clerk of the Court pursuant to 28 U.S.C. § 1927 and the Court's inherent powers;
3. Awarding Plaintiff all taxable costs and actual expenses incurred in responding to counsel's improper filings;
4. Precluding Defendant Zawyrucha from making further dispositive motions prior to the close of all discovery and strict compliance with Individual Practice Rule VI.J; and
5. Granting such other and further relief as the Court deems just and proper.

KYUNG L. TROTTER
Plaintiff, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC., *et al*,

Defendants

----------------------------------------------------------------------------------x

Case No.: 26-cv-02371 (SJB) (ARL)

**CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMIT**

Pursuant to the Local Civil Rule 7.1(c) and the Individual Rules of Judge Bulsara VI.E, the undersigned Plaintiff, pro se hereby certifies that this Memorandum of Law in Support of Motion for Sanctions, complies with the applicable word count limitation of 3500 words, as the total word count of the same is 952.

KYUNG L. TROTTER
Plaintiff, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com