*** Filed ***
11:58 PM, 24 Aug, 2026
U.S.D.C., Eastern District of New York

John Mangino
9 Heather Crescent
Commack, N.Y. 11725
—
Email: jmm300@aol.com
(631) 697-5683

August 25, 2026

RECEIVED
8/25/2026
PRO SE OFFICE

Judge Sankit J. Bulsara
United States District Court
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, N.Y. 11722-4451

**Re: Kyung L. Trotter v. Community Development of Long Island, et al.**
**No.: 26-CV- 02371**

Dear Judge Bulsara,

I am Defendant John Mangino, appearing ***pro se***. I am writing this letter pursuant to this court's rules for leave to make a dispositive summary judgment motion.

Procedurally, as the court is aware, there are currently a couple of defendants in this action that have, or want to, make a dispositive motion for summary judgment. I suspect that those motions will have merit. Accordingly, in the interest of judicial economy, and what I believe are meritless claims against me. I also want to make a motion for summary judgment dismissing the plaintiffs Complaint as it pertains to alleged claims against me.

To be brief, I believe the Complaint as asserted against me does not state a cause of action, nor does it have any merit for the following reasons.

The plaintiff essentially asserts that I have conspired with the CDC (government agency) in a scheme to deny her due process rights. Her claim is essentially stating that her 1983 action against me is warranted because I am a state actor by virtue of a conspiracy or scheme. However, her claim is not predicated on a shred or iota of proof and grounded on utter conjecture, surmise and speculation. The plaintiff alleges that I have denied her due process rights.

Briefly, in this case, the plaintiff's lease term expired, I checked with Section 8 to confirm if she was a month to month tenant, and Section 8 confirmed in writing that is exactly what she was. I followed the rules for eviction, notified Section 8 as required. They notified plaintiff. She disagreed and once I commenced my legal eviction proceedings (affording all due process rights and procedurally proper commencement of legal proceedings) she defended against the action in court and won. She was not evicted.

I am a landlord that participates in the section 8 program in the exact same way and degree that the plaintiff participates in the section 8 program. Granted that I am the landlord and she is the tenant, but both of us have to undergo rigorous qualifications and follow strict rules and requirements so that we can participate in this program. The plaintiff if fully aware that the landlords are subjugated to the rules, regulations and requirement imposed and mandated by the Section 8 program. She knows this because she relies on Section 8 to address any perceived shortcoming of the landlord's duty to comply. She is full aware that the landlord does not make the rules and that Section 8 (and their related agents) make the rules and the landlord must comply. Her allegation that somehow in my instance I have conspired to create what she claims is an unlawful custom or practice that SECTION 8 practices or administers, is quite frankly, unsupported fantasy.

Plaintiff claims of denial of due process are meritless. A legal proceeding was properly commenced on notice with proper service. She fully participated at all stages and won. Consequently, there is no due process denial and no damages attributable to this defendant.

I thank the Court for its time and attention to this matter and I respectfully request that the Court consider the circumstances described above and in the interests of judicial economy, grant the requested relief permitting leave to file a dispositive Summary Judgment motion.

John Mangino
Defendant ***pro se***
9 Heather Crescent
Commack, N.Y. 11725
jmm300@aol.com
(631) 697-5683

TO: **VIA ECF FILING SYSTEM**

Kyung L. Trotter

Community Development Center of Long Island

Delores Phraner

Leslie Barry

Anthony R. Filosa, Esq.
Attorney for Seven Tier

Michelle Aulivola, Esq.
Attorney for Thomas Zwayrucha