FARRELLFRITZ P.C.
ATTORNEYS

**Irene A. Zoupaniotis**
Partner

Direct Dial: 516.227.0726
Direct Fax: 516.336.2246
izoupaniotis@farrellfritz.com

400 RXR Plaza
Uniondale, NY 11556
www.farrellfritz.com

Our File No.
13022-187

September 8, 2026

**By ECF Filing**
Hon. Sanket J. Bulsara, U.S.D.J.
100 Federal Plaza
Courtroom 930
Central Islip, NY 11722

**Re: Trotter v. Community Development Corp. of Long Island, Inc., et al.**
**E.D.N.Y. Docket No. 2:26-cv-02371 (SJB) (ARL)**

Dear Judge Bulsara:

Farrell Fritz, P.C. represents defendant Community Development of Long Island, Inc. ("CDLI") in this action brought by *pro se* plaintiff Kyung L. Trotter ("Plaintiff"). Pursuant to Your Honor's Individual Practice Rules, CDLI respectfully requests a pre-motion conference to discuss its anticipated motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss co-defendant John Mangino's First Crossclaim for common-law and/or contractual indemnification and Second Crossclaim for contribution, asserted in his August 17, 2026 Answer. Dkt. 64. [1]

Mangino asserts two crossclaims against CDLI. The First seeks common-law and/or contractual indemnification, alleging that any liability to Plaintiff resulted from the "carelessness, recklessness, negligence or intentional acts" of his co-defendants. Answer ¶ 469. The Second seeks contribution through an "apportionment of responsibility" among the defendants. *Id.* ¶ 470. Like any claim for relief, a crossclaim must plead "enough facts to state a claim to relief that is plausible on its face," not "labels and conclusions" or "a formulaic recitation of the elements." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Mangino's crossclaims plead none: they identify no act or omission

[1] Mangino's crossclaims are asserted against CDLI and individual defendants Delores Phraner and Wilma Hayes. Phraner and Hayes, both employees of CDLI, have not been served with either the Complaint or Mangino's Answer and Crossclaims as of the date of this letter. Accordingly, no response is required on their behalf at this time. Phraner and Hayes reserve all defenses and objections available to them, including any defenses relating to personal jurisdiction or service of process. In the event Phraner and Hayes are required to respond, they would assert the same defenses asserted by CDLI and, to the extent warranted, any defenses available to them individually, including lack of personal jurisdiction and improper service of process under Federal Rule of Civil Procedure 12(b)(5).

by CDLI, no duty CDLI owed him, and no facts from which the Court could infer that CDLI bears responsibility for any liability he may owe Plaintiff. *See Cubilete v. United States*, 469 F. Supp. 3d 13, 20 (E.D.N.Y. 2020); *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc.*, 156 F. Supp. 3d 348, 361 (E.D.N.Y. 2016) (dismissing conclusory crossclaims).

As an initial matter, Mangino is a private landlord who cannot be liable under § 1983, so no derivative crossclaim lies against CDLI. Section 1983 reaches only conduct "under color of state law." A private landlord does not become a state actor by participating in the Section 8 Housing Choice Voucher Program, receiving government funding, or complying with program regulations. *Young v. Halle Hous. Assocs., L.P.*, 152 F. Supp. 2d 355, 361-62 (S.D.N.Y. 2001); *Rosa v. Pathstone Corp.*, No. 23-CV-1071 (LTS), 2023 WL 3123032, at *6 (S.D.N.Y. Apr. 27, 2023); *Lauro v. Christopher Cmty.*, No. 5:23-CV-1635, 2024 WL 33461, at *3 (N.D.N.Y. Jan. 3, 2024). Because Mangino cannot be held liable to Plaintiff under § 1983, there is no underlying liability for which he could seek contribution or indemnification, and his crossclaims against CDLI fail along with Plaintiff's § 1983 claims against him.

Even assuming Mangino could be held liable under § 1983, he cannot obtain contribution or indemnification from CDLI. Courts in New York have repeatedly held that § 1983 provides no right to contribution or indemnification and that state-law contribution principles cannot be incorporated through § 1988. *See Thomas v. City of Troy*, 293 F. Supp. 3d 282, 301-02 (N.D.N.Y. 2018); *Crews v. Cnty. of Nassau*, 612 F. Supp. 2d 199, 208 (E.D.N.Y. 2009); *Rosado v. New York City Hous. Auth.*, 827 F. Supp. 179, 183-85 (S.D.N.Y. 1989). To the extent Mangino's crossclaims rest on Plaintiff's § 1983 claims, they fail as a matter of law.

Nor can Mangino maintain a claim for indemnification under New York law. Common-law indemnification runs only to a party "held to be vicariously liable without proof of any negligence or actual supervision on its own part." *McCarthy v. Turner Constr., Inc.*, 17 N.Y.3d 369, 377-78 (2011). Mangino alleges no facts suggesting that any liability imposed on him would be purely vicarious or that he is free from fault. Indeed, Plaintiff's claims target his own conduct. Contractual indemnification fares no better, as it requires a clear and unmistakable agreement to indemnify. *See Kuznicki v. Beth Jacobs Tchrs. Seminary of Am. Inc.*, 39 Misc. 3d 286, 293-94 (Sup. Ct. Kings Cnty. 2013). The only agreement between CDLI and Mangino is the Housing Assistance Payments Contract (HUD Form 52641), which contains no indemnification provision, and Mangino identifies no other agreement that could support such a claim. *See* HOUSING ASSISTANCE PAYMENTS (HAP) CONTRACT, U.S. DEP'T OF HOUSING & URBAN DEVELOPMENT, https://www.hud.gov/sites/dfiles/OCHCO/documents/52641ENG.pdf.

For all of these reasons, Mangino's crossclaims against CDLI fail as a matter of law and should be dismissed with prejudice. Accordingly, CDLI respectfully requests a pre-motion conference to discuss its anticipated Rule 12(b)(6) motion and a briefing schedule. We thank the Court for its time and attention to this matter.

Respectfully submitted,

*/s/ Irene A. Zoupaniotis*

Irene A. Zoupaniotis

TO: All Counsel of Record (by ECF Filing without Authorities)
Pro se Parties of Record (by ECF and Regular Mail with Authorities)

**CERTIFICATION OF COUNSEL**

This Pre-Motion Letter was prepared by computer using Microsoft Word. The total number of words in the document, excluding the Address Block and the Signature Block, is 849. This certification complies with both Local Civil Rule 7.1 and Your Honor's Individual Practice Rules (1,750-word limit for pre-motion letters).

*/s/ Irene A. Zoupaniotis*

Irene A. Zoupaniotis