Kyung L. Trotter
Plaintiff Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 14 2026 ★
LONG ISLAND OFFICE
RECEIVED
SEP 14 2026
EDNY PRO SE OFFICE

September 14, 2026

The Honorable Judge Sanket J. Bulsara
United States District Judge
United States District Court for the Eastern District of New York
100 Federal Plaza
Courtroom 930
Central Islip, NY 11722

**Re: Plaintiff's Limited Response and Objection to Defendant CDLI's Pre-Motion Letter, DE 72, and Request for Docket Management Instruction**

Plaintiff Kyung L. Trotter respectfully submits this Limited Response and Objection to Defendant Community Development Corporation of Long Island, Inc.'s ("CDLI") pre-motion letter dated September 8, 2026 [DE 72]. Plaintiff requests an order of docket management pursuant to the Court's inherent supervisory authority and Federal Rule of Civil Procedure 16(c)(2) for the reasons below.

**1. There Is No Need for a Plausibility Test**

The threshold issue presented by Defendant John Mangino's ("Mangino") crossclaims is whether he may seek contribution or indemnification from Defendant Community Development Corporation of Long Island, Inc. ("CDLI") based on Plaintiff's claims under 42 U.S.C. § 1983. CDLI answers this question itself. [DE 72 at 2]. That concession ends the crossclaim issue. CDLI does not need any ruling concerning the plausibility of Plaintiff's Complaint, Mangino's personal liability to Plaintiff, or the state-action facts pleaded against Mangino, to obtain dismissal of the crossclaims. Plaintiff objects to CDLI's invitation to the Court to engage in a plausibility assessment, to dispute facts that it and Mangino have already judicially admitted.

**2. Both CDLI's and Mangino's Admissions on the Record Are Binding**

Rather than rest on the complete substantive absence of a contribution or indemnification remedy, CDLI attempts to reframe the issue as a *Twombly/Iqbal* pleading failure. It then uses Mangino's legally nonexistent crossclaims, as a vehicle to attack Plaintiff's Complaint and ask the Court to accept a merits conclusion, concerning Plaintiff's independent § 1983 claims against Mangino:

> As an initial matter, Mangino is a private landlord who cannot be liable under § 1983, so no derivative crossclaim lies against CDLI . . . Because Mangino cannot be held liable to Plaintiff under § 1983, there is no underlying liability for which he could seek contribution or indemnification, and his crossclaims against CDLI fail along with Plaintiff's § 1983 claims against him. [DE 72 at 2].

This is a Rule 12(b)(6) attack on the state-action element of Plaintiff's § 1983 claim against Mangino, in CDLI's attempt to roll back its judicial admission that it performs a delegated State public function. *West v. Atkins*, 487 U.S. 42, 54–55 (1988).[1] CDLI admitted in its pre-motion letter on its own behalf against Plaintiff's Complaint that:

> CDLI is the local administrator ("LA") in Suffolk County for New York State Homes and Community Renewal ("HCR"), the New York State Public Housing Agency ("PHA") responsible for administering the HCV program in the State. As HCR's LA, CDLI follows HUD's regulations for the implementation of the HCV program (24 C.F.R. § 982 *et seq.*), as well as HCR's Section 8 Administrative Plan. [DE 47 at p. 2].

"A judicial admission is a statement made by a party or its counsel which has the effect of withdrawing a fact from contention and which binds the party making it throughout the course of the proceeding." *In re Motors Liquidation Co.*, 957 F.3d 357, 360 (2d Cir. 2020).

Plaintiff asserts in her Complaint that NY State delegates its authority as the Public Housing Authority to CDLI, to administer the Housing Choice Voucher program, locally in

[1] The facts of this case fit several other state-action tests.

Suffolk County. [DE 11, p. 3, ¶¶ 4-5]. *Augusta v. Cmty. Dev. Corp. of Long Island,* No. 07-CV-0361 (JG)(ARL), 2008 WL 5378386, at *1 (E.D.N.Y. Dec. 23, 2008), aff'd sub nom. *Augusta v. Cmty. Dev. Corp. of Long Island*, 363 F. App'x 79 (2d Cir. 2010).

CDLI judicially admitted the same delegated public function. This is a deliberate, clear, and unambiguous factual admission by CDLI, by way of its counsel which binds CDLI throughout this action. See *In re Motors Liquidation Co.*, 957 F.3d 357, 360–61 (2d Cir. 2020); *Oscanyan v. Arms Co.*, 103 U.S. 261, 263 (1880).

CDLI also attempts to scrub the record of Mangino's judicial admissions when it alleges that "Mangino cannot be held liable to Plaintiff under § 1983." Plaintiff asserted in her Complaint that CDLI maintains a custom or policy of an automatic month to month tenancy, instead of the mandated written lease/HAP/Tenancy Addendum framework, which allows its landlords to evict tenants without good cause, while still collecting rent the whole time prior. [DE 11, pp. 9-11, ¶¶ 48-68].

Very seldom does one prosecuting any case get a direct view into a Defendant's mindset. Juries deliberate facts; judges apply the law and render an outcome, but the question of motive is usually left to ponder and rarely answered. Here, Mangino has laid his bare.

According to Mangino in his Answer to Plaintiff's description of herself as a party, he admits:

> "[P]laintiff formerly occupied the premises under a lease at one point but [he] does not believe plaintiff is currently a tenant under a lease with *all the previous rights and status* formerly applicable during the lease term." [DE 55, p. 3, ¶3].

He also admits to receiving continuous Housing Assistance Payments (HAP) from CDLI during 2024, 2025 and 2026. So, according to Mangino he was entitled to collect Section 8 rent payments—while Plaintiff had *no rights* and *no status*.

As a Black woman, reading those words is particularly jarring and alarming. As an Army veteran who once took an oath to defend the Constitution, they are particularly insulting. Nevertheless, these words are insightful as to why CDLI's policy, custom or practice exists. Just as Plaintiff asserted in her opening statement of her Complaint, it is for low-income tenants to be a dispensable source of profit for CDLI and its landlords—while enjoying no "rights" and no "status."

Mangino also admits that CDLI "confirmed" Plaintiff's purported month-to-month status [DE 63, p. 2]; that landlords are "subjugated" to CDLI [Id.]; that CDLI makes the rules and landlords "must comply" [Id.]; and that the lease between himself and Plaintiff expired in 2024 [DE 55, p. 28, ¶ 119]. He concedes that he executed no new written leases with Plaintiff for 2024, 2025, or 2026 [DE 55, p. 28, ¶ 120]. Instead, he "did what HAP and CDCLI required which continued or renewed to the extent and under the terms they described" [DE 55, p. 29, ¶ 121], continued collecting rent payments from CDLI in the interim [DE 55, p. 29, ¶ 122], and then "followed the rules for eviction, notified Section 8 as required. They notified plaintiff." [DE 63, p. 2].

These statements are direct admissions which support that CDLI supplied the very custom or policy that Mangino used to deprive the Plaintiff of continuous, compliant tenancy, under the federal statutory and regulatory framework and then terminated her tenancy without federal good cause, just as she pleaded in her Complaint. Subsequently, the statements directly contradict CDLI's assertion that Mangino is simply a private landlord who "cannot be liable"

under Section 1983. [DE 72, p. 2]. Mangino's statements, just like CDLI's, are judicial admissions which bind him throughout the course of the litigation. *In re Motors Liquidation Co.*, 957 F.3d 357, 360 (2d Cir. 2020).

**3. CDLI Attempts an Unauthorized, Backdoor Attack on Plaintiff's Complaint Without an Opportunity for Her to be Heard**

CDLI may not erase these admissions from the record, with its backdoor invitation to the Court, to engage in a test for plausibility of Plaintiff's claim against Mangino. CDLI's counsel expressly asks the Court to treat Plaintiff's § 1983 claims against Mangino as failing, asserting that Mangino's crossclaims "fail along with Plaintiff's § 1983 claims against him." [DE 72, p. 2].

Under Federal Rule of Civil Procedure 7(b)(1), a request for a court order must state with particularity both the grounds for the requested order and the relief sought. CDLI's proposed Rule 12(b)(6) motion is directed to Mangino's crossclaims—not to Plaintiff's claims against Mangino. Yet, CDLI's letter attempts to secure a merits result through collateral crossclaim motion practice, unopposed. This is not legitimate advocacy directed to the actual crossclaim issue. It is a backdoor attempt to dismiss Plaintiff's Complaint, applying caselaw completely distinguishable from the facts she actually pleaded, with no opportunity for the Plaintiff to be heard. Plaintiff is the party who pleaded her claims. She has a right to notice and a meaningful opportunity to be heard, before the Court decides whether her Complaint plausibly alleges that Mangino acted under color of state law.

**4. CDLI Counsel Cannot Represent or Advance a Personal Merits Defense for Directly Adverse Co-Defendant Mangino**

CDLI's counsel represents CDLI—not Mangino. CDLI and Mangino are also directly adverse parties in this same action. CDLI's counsel has not appeared for Mangino and cannot

simultaneously represent or purport to advocate his personal interests, while seeking dismissal of his claims against itself. 22 N.Y.C.R.R. § 1200.1.7(a)(1), (b)(3).

**5. Request for Instruction to Counsel and Docket Management**

This is the second time that defense counsel has forced Plaintiff to expend substantial resources responding to a bad-faith, procedural end-run. See DE 61, concerning the prior conduct of Defendant Zawyrucha's counsel. This conduct needlessly complicates the litigation, imposes a vexatious burden upon the Plaintiff, drains judicial resources and undermines the orderly adversarial process.

Invoking the Court's inherent authority "to manage its own affairs so as to achieve the orderly and expeditious disposition of cases," *Dietz v. Bouldin*, 136 S. Ct. 1885, 1893 (2016), and its case-management authority under Federal Rule of Civil Procedure 16(c)(2), Plaintiff respectfully requests that the Court restore fairness and order to these proceedings by:

a. Limiting CDLI's anticipated motion to Mangino's crossclaims against it;

b. Declining to consider and disregarding CDLI's request that Plaintiff's independent § 1983 claims against Mangino be treated as failing, as that request is a merits attack outside the stated scope of CDLI's proposed motion;

c. Expressly reserving all issues concerning Plaintiff's claims against Mangino, including state action and joint action, unless and until those issues are raised in a properly directed, properly noticed motion, that identifies Plaintiff's claims as the requested target and affords Plaintiff a full opportunity to respond;

d. Directing CDLI's counsel to confine future pre-motion submissions and dispositive requests to the claims and parties actually at issue; and

e. Directing counsel not to purport to advance Mangino's personal merits defenses while CDLI and Mangino are directly adverse on Mangino's crossclaims, consistent with 22 N.Y.C.R.R. § 1200.1.7(a)(1), (b)(3).

Plaintiff thanks the Court for its time and attention.

Dated: September 14, 2026, Holbrook, New York

KYUNG L. TROTTER
Plaintiff, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------------x

KYUNG L. TROTTER,

Plaintiff,

-v-

COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND, INC., *et al.*,

Defendants

Case No.: 26-cv-02371 (SJB) (ARL)

**CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMIT**

-----------------------------------------------------------------------------------x

Pursuant to the Court's Rule VI.I, 1. as well as Local Civil Rule 7.1(c), I hereby certify that this Response contains 1,701 words, exclusive of the caption and signature block, and complies with the length restrictions imposed by the Court.

KYUNG L. TROTTER
Plaintiff, Pro Se
374 Donald Blvd
Holbrook, NY 11741
(631) 202-7887
Trotter.Kyung@yahoo.com